SAN JACINTO OIL COMPANY ET AL. V. J. J. CULBERSON ET AL., INTERVENORS.

Decided June 9, 1906.

**1.—Report of Master in Chancery, When Conclusive.**

In the appointment of a master in chancery in a receivership suit the master was directed to ascertain and report to the court the nature, validity and amounts of all claims against the defendant company and to report his conclusions of law and fact upon all interventions in said suit; it was further ordered that said master in chancery should file his reports from time to time and that any party interested in the suit should be heard upon exceptions to the same, provided such exceptions were made before the master in chancery upon the rendition by him of his conclusions in the premises, and upon failure to make exception to said report at said time then the report of the master should stand confirmed. The master thereafter heard the claims of several intervenors and filed his report thereon in court. No exception was taken by the defendant company before the master to his findings; but on the same day on which his report was filed said company filed in court numerous exceptions to the same. Held, the report of the master in chancery should have been approved as conclusive of the issues, and it was error to submit to a jury the issues raised by said exceptions.

**2.—Same—Right of Trial by Jury.**

While it is true that under our laws a party litigant is entitled to a trial by jury in all cases of equitable as well as legal cognizance, still this right will be considered as waived unless seasonably exercised.

**3.—Same—Same—Practice.**

The proper practice would have been for a party complaining of a master's report to have presented his objections to the master, to the end that he might correct his findings, and if he failed to do so, then to have the master certify along with his report the evidence upon which his contested conclusions of fact were found, so that the court might review the findings.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Capps & Cantey* and *A. B. Flanary,* for appellants.—The court erred in permitting the intervenors to introduce in evidence the report of the master for that such testimony was improper and irrelevant, the same

having been excepted to by defendant, and is not such evidence as contemplated by the statute, and that the case at bar was not such a case as authorized the introduction of the master's report for any purpose whatever, and that such report is hearsay in its nature, and is an expression on the part of a third party, and tended to deprive the defendant of the constitutional right of trial by jury, and further for that the facts stated in such report are not in conformity with the allegations of the intervenors' pleadings, and especially as to that part of the same making a finding with reference to the coal purchased by the intervenors, for that there is no pleading to justify any such finding, and no allegations in the petition of the intervenors raising an issue as to any such measure of damages; and the court further erred in overruling defendant's motion for a new trial based on this error. Rev. Stats., arts. 1485, 1494; Barkley v. Tarrant County, 53 Texas, 251; Kendall v. Hackworth, 66 Texas, 506; Moore v. Waco Building Association, 9 Texas Civ. App., 407.

The report of the master being excepted to did not shift the burden of proof from the intervenors to the defendants. Art. 1496, Sayles' Rev. Stats.; Hills v. Dons, 37 S. W. Rep., 638; Hempner v. Galveston County, 76 Texas, 216; Whitehead v. Perie, 15 Texas, 7; Dwyer v. Kalteyer, 68 Texas, 559; Clark v. Hill, 67 Texas, 148; Beaumont Pasture Co. v. Preston, 65 Texas, 451; Eagle Mfg. Co. v. Hanaway, 90 Texas, 581.

*A. M. Carter,* for appellees.—The failure of the San Jacinto Oil Company and George W. Armstrong to except to the master's report, as provided for by the order appointing the said master, deprived them of the right under said order to any hearing upon the exceptions to the same filed only in the clerk's office, and upon filing such report by the master, the same stood confirmed by reason of the said order as aforesaid. Rev. Stats., arts. 1485, 1903; Henderson's Chancery Practice, secs. 413, 414, 417, 418, 471, 472, 470, 477, 478, 479, 480, 441, 482, 483-495, 362-380; 16 Cyc., p. 444-D et seq.

The appellant did not except before the master and bring up the evidence heard before him with said exceptions, and therefore the court below had nothing before it by which it could ascertain whether or not the said master had erred in any conclusions of fact that he arrived at. 16 Cyc., pp. 451 and 452.

CONNER, CHIEF JUSTICE.—The judgment appealed from in this case is one in accord with a report of the master in chancery in the receivership proceedings against the appellant oil company. It appears that on January 16, 1903, at the instance of a complaining creditor, the District Court of Tarrant County for the Seventeenth Judicial District appointed a receiver to take charge of all property and assets of the San Jacinto Oil Company. Neither the regularity nor validity of the appointment of the receiver is questioned, and hence it needs no further notice. On the 7th day of March thereafter, said court also duly appointed a master in chancery, who was directed, among other things, to ascertain and report to the court the nature, validity, and amount of all debts, claims and demands against the oil company, of which it appears there

is a large number, and to investigate and report his conclusions of law and fact upon all pleas, motions or interventions then on file or that might thereafter be filed in the receivership cause. The master was required to give due notice of the time and place of his hearings and was given power to compel the production of evidence. The order of reference contains the following further special provision, namely: "It is further ordered and decreed that said master in chancery shall file his report herein from time to time as he may complete the same and that any party or parties interested in this suit, may and shall be heard upon exceptions to the same, provided that such exceptions shall have been made before the master in chancery upon the rendition by him of his conclusions in the premises covered by his report, and upon the failure of any or all of the parties interested in any of the matters' pending before said master to take exceptions to his conclusions or report before him, then upon the filing of any such report by the master the same shall stand confirmed."

On April 24, 1903, appellees J. J. Culberson, the Paris Oil and Cotton Company, the West Cotton Oil Company, the Ladonia Cotton Oil Company, the Celeste Cotton Oil Company, the Waxahachie Cotton Oil Company, the Decatur Cotton Oil Company, the Corsicana Cotton Oil Company, the Rosebud Cotton Oil Company, and the Shreveport Cotton Oil Company, by leave of court granted, intervened in the receivership cause and alleged the execution of a contract with the appellant oil company by the terms of which it agreed to furnish the appellee cotton oil companies all the crude oil in tank car lots necessary for their use as fuel for the term of one year beginning June 26, 1902, at ten cents per barrel of forty-two gallons each. The contract, as exhibited in the petition for intervention, was voidable by acts of God, accidents to oil wells, failure of oil wells, or governmental interference. Intervenors charged that the contract had been breached by an entire failure and refusal of the San Jacinto Oil Company to supply crude oil, and damages were laid in the sum of fifty-two thousand dollars for each of the intervening companies.

The record fails to disclose the time or circumstances of the hearing before the master in chancery, but it does appear from his report, filed in the court on August 12, 1904, that he did, without objection, hear appellees' plea of intervention upon an answer of the San Jacinto Oil Company excusing its non-performance of the intervenors' contract on the ground of a failure of its oil wells to furnish sufficient oil to supply the requirements of the contract. The master found and reported in favor of intervenors. He found as matter of fact, without certifying, however, the evidence upon which his findings were based, among other things, the execution and breach of the contract as alleged, and reported that, "From the foregoing findings of fact I concluded that said intervenors are entitled to have judgment severally against defendant as follows: Paris Cotton Oil Company, $1,772.01; Waxahachie Cotton Oil Company, $2,719.53; Rosebud Cotton Oil Company, $1,680; Celeste Cotton Oil Company, $278.55; Ladonia Cotton Oil Company, $607.20; Shreveport Cotton Oil Company, $2,530.20. I find that the other intervenors, namely, West Cotton Oil Company, Corsicana Cotton Oil Company, and the Decatur Cotton Oil Company are not entitled to recover

any sum, there being no testimony introduced by them in support of their intervention."

No exception or objection before the master appears to have been made to his said findings, but on the same day his report was filed in the court appellants also filed with the clerk of the court numerous objections contesting substantially all of the master's conclusions. No further action appears to have been taken until March 23, 1905, when there was a trial before a jury which returned a verdict for appellees and upon which the judgment was rendered, as stated in the beginning.

The errors assigned all relate to the proceedings on the trial before the jury, and while we incline to the opinion that the court erroneously admitted the master's report in evidence and erred in instructing the jury that the burden was upon appellants to disprove it, we nevertheless conclude that all such errors are harmless, on the ground that no other final result could have been properly reached. The original error of the court was in failing to approve the master's report after it was filed, and in submitting the cause to the jury at all. The correct practice in such cases does not seem to be very well crystallized in our own adjudicated cases, nor can it be said to be entirely uniform in the courts of other States. But article 1485, Revised Statutes, in every case of the appointment of a receiver, requires the appointment of a master in chancery "who shall perform all of the duties required of him by the court, and shall be under orders of the court, and have such power as a master in chancery has in a court of equity." Further, article 1493, Revised Statutes, provides that, "In all matters relating to the appointment of receivers, and to their powers, duties, and liabilities, and to the powers of the court in relation thereto, the rules of equity shall govern whenever the same are not inconsistent with the provisions of this chapter and the general laws of the State." We find no other statute of controlling effect and hence are relegated to the general rules of equity for the proper practice.

Under our law it is doubtless true that a party litigant is entitled to a trial by jury in all cases of equitable as well as of legal cognizance. This right, however, must be seasonably applied for. It would be an unreasonable extension of the right to hold that a party whose cause, as here, was without objection, referred to a master in chancery for findings, and who appears before such master and contests the issues joined, could thereafter demand a trial *de novo* before a jury merely because he is dissatisfied with the master's conclusions. (Freeland v. Wright, 28 N. E. Rep. (Mass.), 678; Henderson's Chancery Practice, art. 424.) The author cited, in the second paragraph of the section referred to, says: "The right to ask that an issue, or issues, of fact be made by the chancellor and submitted to a jury for determination is one that may be waived, and is treated as waived unless seasonably asserted; and it is now settled that, after the whole cause has been referred to a master and his report has been filed, it is too late to insist upon a trial by jury as of right. The application should be made before the cause is referred, because a trial of all the issues of fact is inconsistent with a trial by jury. Questions of fact in equity are tried by the court in the first instance; or by a master, and, upon exceptions to his report, by the court, or upon issues submitted to a jury. They are in no given case, however,

tried but in one mode, except where, on coming in of the master's report, the finding appears unsatisfactory, and the nature of the evidence disclosed presents a case which the court in its discretion ought to hear or send to a jury. A party who has had his day in court has no right to complain of the court for refusing to allow him to subject the other party to further delay and expense by appeal from a master to a jury. It would be unreasonable to permit a party to go to trial before a master and take his chances of a favorable report, and then, dissatisfied with the result, have another trial before a jury and thereby put the other party to unnecessary expense and trouble." While as indicated in the above quotation, and as plainly stated in other parts of the section from which it is taken, it is under certain circumstances within the court's discretion to order an issue to be submitted to a jury, even after the coming in of the master's report, but it is said that "this course should never be pursued except good reason appears therefor," and nothing in the record before us, in our opinion, shows that this controversy comes within any exception to the general rule, or was referred to a jury in the exercise of the court's discretion.

The proper practice, as applied to the facts of this case, was for appellants to have presented their objections to the master to the end that he might have opportunity to correct his findings, and in event of his failure to do so, then to have the master certify along with his report the evidence upon which his contested conclusions of fact were founded, so that the court could review the findings. By the great weight of the authorities, in the absence of exceptions before the master, and in the absence of the evidence upon which his conclusions of fact are based, the court as a general rule will only review such errors as are apparent on the face of the master's report. See Fletcher's Equity Pleading & Practice, articles 601 and 607; 16 Cyc., pages 446 and 448; 19 Cent. Dig. C. C., 1478 and 1486, and authorities cited. In our judgment the authorities referred to, as well as the order of reference hereinbefore quoted, requires the conclusion, under the circumstances of this case, that the report of the master in chancery is conclusive and the court below should have approved it without referring the issues to the jury. The verdict and judgment, however, being to the same effect as the master's report, the judgment will be affirmed.

*Affirmed.*

Writ of error granted.