Missouri, Kansas & Texas Railway Company of Texas v. J. M. McIlhaney.

Decided May 4, 1910.

**1.—Carriers—Connecting Lines—Charge—Harmless Error.**

Where damages for negligent delay of cattle in transportation were sought from two connecting railroads over which they were carried, each making a separate contract with the shipper and limiting its liability to its own line, a charge which permitted the terminal carrier to be held liable for damages by delay on the line of the initial one was not prejudicial where there was no evidence of negligence or delay by the first carrier and the jury found that there was none.

**2.—Notice—Harmless Error—Pleading.**

A charge permitting a condition of notice of plaintiff's claim to be complied with by giving notice to a connecting line was harmless where there was no evidence of any such notice except that given to the defendant complaining of the charge; nor was the failure of plaintiff to give notice of his claim for damages available to a defendant by whom such defense had not been pleaded.

**3.—Charge—Omission.**

Mere omission in a charge is not ground for reversal unless a request to supply the omission is made.

**4.—Cattle Shipment—Quarantine Lines.**

Where the origin, destination and route of transportation of cattle were all south and east of the quarantine line, the shipment was not affected by the orders and regulations of the Live Stock Sanitary Commission (Rev. Stats., ch. 7, title 102; Governor's Proclamation, Oct. 15, 1906), and a carrier could not refuse to receive and transport them because not marked or "tagged" as "southern cattle."

Appeal from the County Court of Hamilton County. Tried below before Hon. J. W. Warren.

*Eidson & Eidson,* for appellant.—The proof failing to show a partnership, and the proof also sustaining appellant's allegation as to the separate and independent contract, it was only liable under said contract of shipment and the law for damage or loss occurring after the execution of its contract with appellee and the receipt of said shipment. Art. 331a, Sayles' Statutes; Gulf, C. & S. F. Ry. Co. v. Short, 51 S. W., 261; Texas & P. Ry. Co. v. Arnett, 92 S. W., 57; Houston & T. C. Ry. Co. v. Mayes, 97 S. W., 318; Texas & P. Ry. Co. v. Lynch, 75 S. W., 486.

The appellant was not required, but on the contrary it was unlawful for it to have received this shipment of cattle until the cars were placarded with the words, "Southern Cattle." Chapter 7, title 102, Revised Statutes, 1895, Proclamation of the Governor, dated October 15, 1906.

*Langford & Chesley,* for appellee.—All errors of the court in charging the jury become immaterial where the verdict and the judgment are such as should have been rendered in any event, under the pleadings and undisputed evidence. San Jacinto Oil Co. v. Culberson, 96

S. W., 110; Turner v. Ft. W. & D. C. Ry., 30 S. W., 253; Fisk v. Holden, 17 Texas, 414; Browning v. Pumphrey, 81 Texas, 168-9; Worthington v. Wade, 82 Texas, 28; Smith v. Jones, 22 Texas Civ. App., 156; International & G. N. Ry. Co. v. Howes, 54 S. W., 326; Vickers v. Kennedy, 34 S. W., 458; Patterson v. Railway Co., 66 S. W., 308; Missouri, K. & T. Ry. Co. v. Chittim, 40 S. W., 23; Passmore's Instructions to Juries in Civil Cases, section 294.

RICE, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant and the Texas Central Railroad Company to recover damages to a shipment of five carloads of cattle from Hico, Texas, to Ft. Worth, via Waco, alleging that the cattle were in good condition when delivered to the Texas Central Railroad Company at Hico, and were received by said company for itself and as agent and partner of appellant; that the Texas Central Railroad Company negligently failed to tag said cattle as "southern cattle" when the same were delivered to it at Hico, and when the same were tendered to appellant, its connecting carrier, at Waco, and that appellant negligently failed and refused to accept said shipment or forward the same, and that through the negligence of appellant said shipment was delayed in Waco about nine hours, during which time the cattle were held without feed or water; and that said shipment arrived in Ft. Worth on May 14, at about 10 p. m., instead of arriving early in the morning of that day, as they would have done but for the negligence of said defendants. Further alleging that appellee was compelled to hold said cattle during the night of May 14, selling them on the morning of May 15; that on account of delay and rough handling said cattle lost in weight and in marketable value in the sum of $475.

Both defendants filed pleas under oath denying partnership, but alleged that separate contracts were executed by plaintiff and each of said defendants covering said shipments; that is, a contract was made and entered into by and between the plaintiff and the Texas Central Railroad Company to transport said cattle over its line from Hico to Waco, and that appellant entered into a contract with plaintiff to carry said cattle from Waco to Ft. Worth, and that neither of said companies adopted, acquiesced in or acted upon the contract of the other, but each limited its liability to injury and loss occurring on its own line. In addition to the plea just mentioned, the Texas Central Company answered alleging that it only bound itself to transport the live stock in question from Hico to Waco, the end of its line, which it did without delay and without loss or injury to the plaintiff or his cattle; and likewise pleaded the limitation of its liability to loss or injury occurring on its own line. Also specially pleaded under oath that it had not been given notice of plaintiff's claim for damages within ninety days from date of shipment, as required in its contract.

Appellant also specially answered that it did not contract to ship plaintiff's cattle from Hico to Ft. Worth, but only from Waco to Ft. Worth; that it did not act upon, adopt or acquiesce in the contract made by plaintiff with any other carrier, and is not responsible for any damages occasioned or caused said live stock while the same were

being transported by any other line of railway; that it carried said stock with reasonable dispatch, without damage or loss, delivering the same to the consignee.

Appellee replied by supplemental petition that both defendants were common carriers and connecting lines, and that said shipment was wholly within the State and accepted by the Texas Central under a contract and agreement of shipment to the city of Ft. Worth, and if there is any such clause in the contract of shipment limiting liability of the respective parties, as pleaded by them, then the same is in contravention of the laws of this State and is an attempt on the part of defendants to limit their common law liabilities, and is wholly invalid.

Trial resulted in a verdict and judgment in favor of plaintiff against appellant for the sum of $400, but no recovery was had against the Central Company, verdict and judgment being in its favor, and the appeal is prosecuted alone by appellant. The above statement being acquiesced in by appellee, is substantially taken from appellant's brief.

The evidence shows that the cattle were loaded on the Texas Central at Hico, about 6 o'clock on the evening of May 13, and arrived at Waco about 1:20 a. m. on the 14th, and that they were immediately thereafter delivered to the appellant or placed on the transfer for delivery to it, and that there was no delay or rough handling of any kind occurring on the line of the former company, but it is shown that a delay of some nine hours occurred at Waco, which we find attributable to the negligence of appellant, and but for which the cattle would have reached Ft. Worth in time for the market of the 14th, whereby plaintiff's cattle were damaged to the extent as found by the jury. We find that there was no joint contract of shipment, but independent and separate contracts, as set forth in the pleadings of defendants. No evidence was offered by appellant explaining or tending to explain this delay. There is, however, evidence to the effect that they at first declined to receive the cars containing said cattle when tendered by the Central Company, on the ground that the cattle were not tagged as "southern cattle." There was, however, no plea on its part setting up this failure as a defense. The evidence is conflicting as to whether the cattle were tagged or marked "southern cattle."

The only errors assigned complain of the charge of the court and its failure to give a special charge requested by appellant. Among other things, it is contended by appellant that the court erred in so charging the jury as to permit a recovery against it for any negligence which may have occurred upon the line of the Texas Central Railroad Company, and in effect telling the jury that notice to one defendant relative to plaintiff's claim for damages would be notice to the other, because having denied partnership under oath, and having plead that there was no joint through contract of shipment, but on the contrary, that there was a separate and independent contract for carriage entered into with plaintiff by each road, wherein each limited its liability to acts of negligence occurring on its own line; and since it further plead and proved that it did not recognize, act upon or acquiesce in the contract of its codefendant, and since

the proof failed to show partnership, that said charge was error. While it may be conceded that the charge was incorrect for the reasons stated, still, we think it was harmless, in view of the fact that the evidence wholly failed to show any negligence of any character against its codefendant, the plaintiff himself having admitted that there was no delay on the line of the latter company, nor is there any rough handling shown by it, consequently there was no injury to said cattle by said road. Besides this, by another paragraph in the charge the jury were told that if they believed the plaintiff was damaged wholly by reason of the negligence of one defendant, then in that event they should return a verdict against that defendant alone, and not against both defendants. Furthermore, the verdict and judgment are in favor of the Central Company, showing that the jury acquitted it of any negligence, for which reason it is apparent the jury did not assess against appellant in its verdict any damages for injury to the cattle, occurring on the line of the Central Company, since there was none. It has frequently been held that where no other verdict than the one rendered could be had under the facts, that errors in the charge would not be regarded as ground for reversal. See the following authorities: San Jacinto Oil Co. v. Culberson, 43 Texas Civ. App., 401, 96 S. W., 110; Fisk v. Holden, 17 Texas, 414; Browning v. Pumphrey, 81 Texas, 168-9; Worthington v. Wade, 82 Texas, 28; Turner v. Ft. Worth & D. C. Ry. Co., 30 S. W., 253.

Relative to the supposed error in the charge as to the question of notice of the plaintiff's claim for damages, we think this could not be the basis of a complaint for the same reasons as above stated, since the evidence showed that no notice whatever was given by plaintiff to the Central Company, but did show notice to appellant within the ninety days. Apart from this, however, appellant was not injured by this charge for the further reason that it had not plead want of notice as a defense.

The error complained of in the third assignment, it seems to us, was one of omission merely, and if defendant desired a more complete charge than the one given it was its duty to have presented a proper charge to the court, asking that the same be submitted to the jury.

By its sixth assignment appellant urges that the court erred in failing to give its special charge to the effect that if the jury should believe from the evidence that the shipment of cattle in question was placed on the transfer for the defendant by the Texas Central Railroad Company at Waco, but that the cars were not tagged "southern cattle," and the defendant refused to receive said cattle for shipment until they were by the Texas Central tagged or marked "southern cattle," and that after they were so marked and tagged defendant received the same and transported them to Ft. Worth with reasonable dispatch, and without loss or injury to said cattle, they should return a verdict for defendant. Contending by its proposition of law thereunder that appellant was not required, but on the contrary, it was unlawful for it to have received this shipment until the cars were placarded with the words "southern cattle." It will be remembered that appellant did not plead this alleged failure on the part of plain-

tiff or the Texas Central Railroad Company to so tag said cars, in defense of this action; nor is there any evidence in the record showing or tending to show that it was necessary for cattle such as these to have been marked or tagged "southern cattle" before they could be lawfully shipped from the point where the shipment originated to its destination. Counsel for appellant have cited us, in support of their contention in this respect, to chapter 7, title 102, Revised Statutes of 1895, and also to the proclamation of the Governor, dated October 15, 1906. Said proclamation was not put in evidence. We have, however, taken judicial cognizance of the same, and find that the points involved in this shipment are all south and east of the quarantine line established thereby; and that, therefore, this shipment could not be controlled or affected by the orders of the Live Stock Sanitary Commission, as set forth in said proclamation; for which reason the same constituted no defense, and the court properly refused said special charge.

Failing to find any reversible error in the proceedings of the court below, its judgment is affirmed.

*Affirmed.*