**Philip Abbott MASQUELETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56034.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 21, 1979.

Rehearing En Banc Denied May 2, 1979.

Philip Abbott Masquelette, pro se.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for speeding under Art. 6701d, Secs. 166 and 169B, V.A.C.S. Punishment was assessed by the court at a fine of $101.00.

The record reflects that this case was originally tried in the Justice of the Peace Court, Precinct No. 1, of Fayette County. Appeal was taken to the County Court of Fayette County. The present appeal is from appellant's conviction in the county court.

Initially, appellant contends that he was denied due process of law under the Fourteenth Amendment to the United States Constitution when he was tried before a non-lawyer county judge.

In *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr. App.), cert. denied, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975), this Court noted that there is no constitutional or statutory

requirement in Texas that a county judge be an attorney. The only qualification concerning legal knowledge or training is that a county judge be "well informed in the law of the State." Art. 5, Sec. 15, Constitution of Texas. *See also* Art. 1927, V.A.C.S. *Ex parte Ross,* supra, was decided in accordance with two prior Texas cases, *Ex parte Craig,* 150 Tex.Cr.R. 598, 193 S.W.2d 178 (1946), and *Little v. State ex rel. Parsel,* 75 Tex. 616, 12 S.W. 965 (1890). The appellant argues that the recent decision of the United States Supreme Court in *North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976), mandates a reconsideration of our holding in *Ross.*

In *North,* the specific question presented to the United States Supreme Court was whether an accused subject to possible imprisonment was denied due process when he was tried before a non-lawyer police court judge. The Supreme Court declined to decide whether a defendant may be convicted and imprisoned when the only trial afforded him is before a lay judge, however, as Kentucky procedure entitled him to a trial de novo before a lawyer judge. Cf. *Ludwig v. Massachusetts,* 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976). Thus, *North* is not dispositive on this issue.

Appellant has presented no other reason for us to depart from our holding in *Ross,* and we decline to do so. Appellant's contention that he was improperly tried before a non-lawyer judge is overruled.

Appellant next contends that Art. 6701d, Sec. 169B, V.A.C.S., the statute enabling the State Highway and Public Transportation Commission to set temporary maximum speed limits, is unconstitutional. He maintains that this statute is an unconstitutional delegation of the Legislature's authority.

In *Ex parte Smith,* 441 S.W.2d 544, this Court reviewed the constitutionality of Art. 6701c-3, V.A.C.S. This statute delegated the authority to set minimum safety standards for motorcycle helmets to the Department of Public Safety. Riding a motorcycle without a helmet so approved was a criminal violation. This Court held that the delegation of that authority to the Department of Public Safety was constitutional.

In *Ex parte Granviel,* 561 S.W.2d 503, this Court was again faced with a challenge to the constitutionality of a statute based on its delegation of authority to an agency. This Court stated:

"Generally, a legislative body, after declaring a policy and fixing a primary standard, may delegate to the administrative tribunal or officer power to prescribe details, *Margolin v. State,* 151 Tex.Cr.R. 132, 205 S.W.2d 775 (1947); *Williams v. State,* 146 Tex.Cr.R. 430, 176 S.W.2d 177 (1943), such as to establish rules, regulations or minimum standards reasonably necessary to carry out the expressed purpose of the act. *Beall Medical Surgical Clinic and Hospital, Inc. v. State Board of Health,* 364 S.W.2d 755 (Tex.Civ.App.-Dallas, 1963), and cases there cited.

"Thus, the existence of an area for exercise of discretion by an administrative officer under delegation of authority does not render delegation unlawful where standards formulated for guidance and limited discretion, though general, are capable of reasonable application. *Nichols v. Dallas,* supra [347 S.W.2d 326 (Tex.Civ. App.-Dallas, 1961)], and cases there cited. So long as the statute is sufficiently complete to accomplish the regulation of the particular matters falling within the Legislature's jurisdiction, the matters of detail that are reasonably necessary for the ultimate application, operation and enforcement of the law may be expressly delegated to the authority charged with the administration of the statute. *Commissioners Court of Lubbock v. Martin,* supra [471 S.W.2d 100 (Tex.Civ.App.- Amarillo, writ ref'd, n. r. e.)].

"In *Langford v. State,* supra [532 S.W.2d 91 (Tex.Cr.App.1976)], this court decided that Article 6701*l* 1-5, V.A.C.S., did not contain an unconstitutional delegation of legislative powers to the Texas Department of Public Safety in allowing said department to approve methods of breath testing nor in authorizing said department to ascertain the qualifications and

competence of individuals who conduct breath testing. See and cf. *Ex parte Smith,* 441 S.W.2d 544 (Tex.Cr.App. 1969)."

561 S.W.2d at 514–15.

Article 6701d, Sec. 169B, supra, provides that the State Highway and Public Transportation Commission may establish maximum prima facie speed limits of not more than 70 miles per hour when it finds:

"1. That a severe shortage of motor fuel or other petroleum products exists; and

"2. That the shortage was caused by war, national emergency or other circumstances; and

"3. That a reduction of speed limits will serve to foster conservation purposes and safety; or

"4. The failure to alter state speed limits will prevent the state from receiving revenue for highway purposes from the federal government."

The section further provides that upon the entry of such an order it shall be filed with the Governor's Office. After an independent review, the Governor issues a proclamation stating whether or not the necessary facts exist to support the issuance of the Commission's order. The section also provides that any change in the maximum speed limits made under this section remain effective for a maximum of 120 days unless such conditions are found to continue to exist, in which case the order may be continued in effect for additional 120-day periods.

▬ Thus, Art. 6701d, Sec. 169B, contains standards that limit the discretion of the Commission in its exercise of these delegated powers. These standards are necessary to effect the Legislature's purpose and are capable of reasonable application. We hold that Art. 6701d, Sec. 169B, supra, is not an unconstitutional delegation of the Legislature's authority.

▬ Appellant also contends that the subject of Art. 6701d, Sec. 169B, was not properly set out in the title of the enacting bill, and is thus unconstitutional under Art.

3, Sec. 35 of the Texas Constitution. We have reviewed this contention and find it without merit.

Appellant finally contends that the evidence was insufficient to support the conviction.

The State's case consisted of the testimony of A. F. Hall, a Texas Highway Patrolman. Officer Hall first testified that he was "working radar" on Interstate 10 near Flatonia. He then stated that "the [appellant] was checked by radar at a speed of 67 miles per hour" and that he gave the appellant a ticket for speeding.

Appellant objected to the officer's next answer, which asserted that it was his personal belief that the appellant was speeding. The trial court sustained this objection. The officer then testified without objection that the appellant was not driving at a speed that was reasonable and prudent under the conditions.

The State rested its case after the above evidence. The appellant called no witnesses regarding the facts of the offense.

Appellant first urges that the State failed to show three essential elements in introducing evidence based on radar monitoring of his speed. He urges that this Court's decision in *Wilson v. State,* 168 Tex. Cr.R. 439, 328 S.W.2d 311, requires that the State show that (1) the witness was qualified in the use of radar, (2) that the apparatus be accepted as dependable by the profession concerned with that branch of science, and (3) that the particular radar unit be of an accepted type and in good condition.

▬ Subsequent to our decision in *Wilson v. State,* supra, this Court has held that the officer's testimony that he had been both trained to operate the radar set and test it for accuracy is a sufficient predicate to support admission of radar evidence. *Cromer v. State,* 374 S.W.2d 884; *Gano v. State,* 466 S.W.2d 730. Thus, as specifically stated in *Cromer,* the State is not required to call expert witnesses to establish the accuracy of radar.

**482**

In the present case, however, the officer did not testify as to his training and testing of the radar set. We note that his testimony regarding the speed reflected by his radar unit was not objected to by the appellant. Thus, we must decide whether the failure to elicit a proper predicate for his testimony renders the evidence insufficient to support a conviction.

In *Romo v. State,* 577 S.W.2d 251 (1979), this Court reviewed a similar situation. In *Romo,* the results of a breathalyzer test had been entered into evidence without any predicate as to the officer's qualifications or the breathalyzer's accuracy. In *Romo,* as here, no objection was made to the officer's testimony. This Court held that although the State failed to prove the proper predicate for admission of the breathalyzer test results, this error was not preserved for review because of the failure to object.

 In the present case, the appellant failed to object to introduction of the radar evidence. Here, as in *Romo,* the appellant's failure to object at the time the evidence was offered waived any error.

The appellant also urges that the State failed to establish the posted speed at the place of the violation. Appellant maintains that the trial court could not take judicial knowledge of this fact.

In *Williams v. State,* 146 Tex.Cr.R. 430, 176 S.W.2d 177 (1943), it was stated:

"A proclamation of the Chief Executive of this State, when duly promulgated and filed, occupies a position comparable to laws regularly passed by the Legislature. That a proclamation by the Governor, of and within itself, is notice is further manifested by the fact that the courts are required to take, and do take, judicial notice of the contents thereof. *Missouri, K. & T. R. Co. v. McIlhaney,* 60 Tex.Civ. App. 598, 129 S.W. 153, and 20 Am.Jur. 67." See also 23 Tex.Jur.2d, Evidence, Sec. 11.

By minute order No. 69755 passed on March 31, 1975, the State Highway and Public Transportation Commission established the maximum prima facie speed limit in this state at 55 miles per hour. The Governor of Texas issued and placed on file in the office of the Secretary of State Proclamation No. 41–1531 on April 4, 1975, finding that the necessary facts exist to support the issuance of such Commission's order. The date of the alleged offense, June 9, 1975, was within 120 days of April 4, 1975.

 The trial court could take judicial notice that the maximum prima facie speed limit in the State of Texas was 55 miles per hour at the time of the appellant's offense.

We hold that the evidence is sufficient to support the conviction.

The judgment is affirmed.