Blanca OCHOA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–98–00143–CR.

Court of Appeals of Texas,
El Paso.

May 20, 1999.

Louis Elias Lopez, El Paso, for Appellant.

Herbert M. Flemming, City Prosecutor, John Gates, Asst. City Atty., El Paso, for State.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an appeal from a speeding ticket. The municipal court found the appellant, Blanca Ochoa, guilty of speeding and assessed a fine of $105. Ochoa appealed to the Municipal Court of Appeals of the City of El Paso, which affirmed the trial court's judgment. We affirm.

### FACTS

On September 5, 1996, Officer Daniel Romero stopped Ochoa as she drove along Vista Del Sol street and issued her a traffic ticket for driving 51 miles-per-hour in a 35 mile-per-hour zone. At trial, Romero testified that he observed Ochoa driving at a high rate of speed and confirmed her speed with his hand-held radar before giving her the ticket. Ochoa objected, contending that the State failed to lay the proper predicate for scientific evidence regarding the radar. The trial court overruled her objection and admitted the evidence.

### ADMISSION OF EVIDENCE

■ Ochoa's sole issue on appeal is whether the trial court erred in admitting radar evidence of her speed. Pursuant to *Kelly v. State*, the proponent of expert testimony or evidence based on a scientific theory must show by clear and convincing evidence that the evidence is (1) reliable and (2) relevant to assist the jury (or judge) in its fact finding duty.[1] Evidence derived from a scientific theory must satisfy three criteria in any particular case: (a) the underlying scientific theory must be valid; (b) the technique applying the theory must be valid; and (c) the technique must have been properly applied on the occasion in question.[2] Under Rule 104(a) and (c) and Rule 702, all three criteria must be proven to the trial court, outside the presence of the jury, before the evidence may be admitted.[3] In *Hartman v. State*,[4] the Court of Criminal Appeals made it clear that the *Kelly* test applies to all evidence based on a scientific theory and not just to evidence based on novel scientific theories.[5] Thus, although radar is a familiar concept, it is based on a scientific theory and therefore subject to proof of reliability and relevance under *Kelly*.

■ The State urges that *Masquelette v. State*[6] dispenses with the requirement of expert testimony to establish the reliability of radar in speeding cases. *Masquelette* holds that the State is not required to call expert witnesses to establish the accuracy of radar.[7] Under *Masquelette*, the officer's testimony that he or she had been trained both to operate the radar set and to test it for accuracy was held a sufficient predicate to support admission of radar evidence.[8] *Masquelette* was decided, however, prior to *Kelly* and while the *Frye* "general acceptance" test was still the standard for admissibility of scientific evidence.[9] We find no cases holding that the State is excused from proof of the factors enunciated in *Kelly*.[10]

1. *Kelly v. State,* 824 S.W.2d 568, 572 (Tex. Crim.App.1992).

2. *Id.* at 573.

3. *Id.*

4. 946 S.W.2d 60 (Tex.Crim.App.1997).

5. *Id.* at 63.

6. 579 S.W.2d 478 (Tex.Crim.App.1979).

7. *Id.* at 481.

8. *Id.*

9. *Frye v. United States,* 293 F. 1013, 1014 (D.C.Cir.1923).

10. We note that we are authorized to take judicial notice of any scientific fact which is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Emerson v. State,* 880 S.W.2d 759, 764 (Tex.Crim.App.1994). The concept of judicial notice extends to scientific techniques and principles such as the radar evidence in this case. *See id.* at 769 (Court of Criminal Appeals took judicial notice of the reliability of theory underlying Horizontal Gaze Nystagmus test for intoxi-

In this case, Officer Romero testified that he has been certified to use hand-held radar to detect speed since 1994. He had calibrated and tested his radar instrument on the day he cited Ochoa for speeding. Romero was able to confirm that "radar guns" detect speed by emitting a microwave which, once it strikes an object, returns to the gun. He acknowledged that the gun itself calculates the speed of the object based on the return rate of the microwaves. Romero was unable to explain the calculation the gun makes, nor could he explain the theory underlying the calculation. Thus, there is no evidence in the record sufficient to satisfy *Kelly* and it was error to admit the radar evidence.

We find, however, that the error is harmless in this case. The Rules of Appellate Procedure provide for reversible error in criminal cases as follows:

> *(a) Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.
>
> *(b) Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.[11]

Since the error alleged in this case is not constitutional error, we must determine whether Ochoa's substantial rights were affected.

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.[12] In this case, the radar evidence did not have a substantial or injurious effect on the outcome of this case since there is other evidence that Ochoa exceeded the speed limit. Officer Romero testified that in his opinion, Ochoa was driving at a "high rate of speed," and that in his opinion, she was exceeding the speed limit. Ochoa did not object to this evidence. We therefore find sufficient evidence to sustain the conclusion that Ochoa exceeded the speed limit without considering the radar evidence.[13] We overrule Ochoa's sole issue on appeal.

## CONCLUSION

Having considered and overruled Ochoa's single issue, we affirm the judgment of the court below.

---

cation and its technique). We find it unnecessary to determine whether the scientific theory underlying radar speed detection is appropriate for judicial notice in this case, however, since we find that the admission of the evidence despite the State's failure to establish the *Kelly* factors is harmless.

11. TEX.R.APP. P. 44.2(a),(b).

12. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. U.S.,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

13. Although it is not raised here, we note that without the radar evidence, there is nothing to support a fine amount based upon any particular speed over the limit (that is, a scheme which imposes a higher fine for a higher speed). That would present a different question.