Domingo ROMO, Appellant,

v.

The STATE of Texas, Appellee.

No. 57556.

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 21, 1979.

Larry E. Glazner, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and John C. Kilpatrick, Asst. Dist. Atty., Lubbock, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appellant was convicted of the offense of driving while intoxicated, and punishment was assessed at ten days and $150.00 fine. Four grounds of error are raised on appeal.

In three grounds of error appellant contends that the trial court erred by refusing to grant a motion for mistrial based on the admission of evidence about a breathalyzer test. Appellant's counsel filed a pre-trial motion in limine requesting that the trial court restrict the State from making "[a]ny reference to breathlizer (sic) tests, broad (sic) alcohol (sic) levels, or other such evidence unless same is presented by a duly qualified and certified chemist and breath

test administrator." The motion was denied by the trial court. During jury voir dire the prosecutor made several references to a breathalyzer test, but no objections were made by appellant. Officer Danny Smith of the Department of Public Safety testified that he administered a breathalyzer test to appellant, and he gave the results of the examination. He did not testify that he was certified by the Department of Public Safety to administer breathalyzer tests. He did not testify that he understood the theory of the machine, that he was qualified to or did check the compounded chemicals in the breathalyzer used in the examination, or that he was qualified to calculate and translate a reading of the machine. However, appellant made no objection to Officer Smith's testimony. After both sides rested, appellant's counsel made a motion for mistrial based on the introduction of the breathalyzer testimony.

It is clear that the State failed to prove the necessary predicate for introduction of the breathalyzer test. *Cody v. State,* 548 S.W.2d 401 (Tex.Cr.App.1977); *Hill v. State,* 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953). However, reliance on a motion in limine will not preserve error. A defendant must object on the proper grounds when the evidence is offered at trial. *Harrington v. State,* 547 S.W.2d 616 (Tex.Cr.App.1977); *Lopez v. State,* 535 S.W.2d 643 (Tex.Cr.App. 1976). The reason for this rule is that a judge is often not in a position to decide on the admissibility of evidence prior to the beginning of trial. This is particularly true when the objection is based on grounds such as the failure to prove a proper predicate. Counsel could ask in the motion in limine that before a suspect area is entered into at trial, the opposing counsel be required to approach the bench and inform the court so that the jury may be excluded. By that procedure the evidence may be challenged at the proper time without risk of prejudicing the jury. Whatever the procedure chosen, defense counsel must object before the

evidence is admitted during trial in order to properly call the court's attention to the matter and preserve the error for appeal.

Grounds of error number one, two, and three are overruled.[1]

In his fourth ground appellant contends that the trial court erred in receiving evidence resulting from an illegal arrest. The record reflects that Joe Weatherford, who originally detained appellant on the "Slayton Highway" two miles outside the city limits of Lubbock, was an employee of the Lubbock County Water Control. Weatherford was a member of the Buffalo Springs Lake Patrol, and he admitted on cross-examination that his jurisdiction did not extend beyond the lake patrol area of Buffalo Lake.

On direct examination Weatherford testified that he was driving to work on Avenue A in Lubbock when he encountered appellant, who was driving "erratically" and at a high rate of speed. Appellant approached Weatherford from the rear, and then passed in a way that forced Weatherford's car into the curb in order to avoid an accident. Weatherford radioed the Sheriff's Office and asked them to contact the Lubbock Police Department. He continued to follow appellant and clocked appellant's car at 70 miles an hour in a 55 mile an hour zone. Appellant's car was weaving across the center lane and on to the shoulder of the road.

At that point appellant had reached the Slayton Highway, and Weatherford radioed the Department of Public Safety. He was put in contact with Trooper Smith who was in the area. Smith advised Weatherford to "stay with the vehicle until he could get up there." Weatherford followed appellant for about two miles and clocked the car at 90 miles an hour. Trooper Smith radioed back that he was caught in traffic, and he instructed Weatherford "in order to avoid an accident or anything, to go ahead and stop the subject at the time." Weatherford turned on the red lights on his vehicle, and appellant pulled his car over. Weatherford

---

1. We also observe that the jury was not instructed concerning the statutory presumption of Article 6701*l*–5, V.A.C.S.

noticed that appellant smelled strongly of alcohol, staggered when he walked, had to lean against the car, and had red and blood-shot eyes. Weatherford again spoke to Trooper Smith who advised him to remain with appellant until Smith could arrive. Weatherford took appellant's driver's license, and Trooper Smith arrived at the scene after a few minutes.

The issue is whether Weatherford had authority to arrest appellant. We conclude that he was so authorized. First, "[a] citizen other than a police officer may make an arrest without a warrant for a misdemeanor offense when it is a breach of the peace." *Heck v. State,* 507 S.W.2d 737 (Tex.Cr.App.1974); Article 14.01(a), Vernon's C.C.P.; *McEathron v. State,* 163 Tex. Cr.R. 619, 294 S.W.2d 822 (1956). We have held that being drunk in a public place is a breach of the peace. *Heck v. State,* supra. Under the prior code, which contained the language "offense against the public peace," we held that a citizen could arrest under facts very similar to these. *McEathron v. State,* supra. We hold that appellant was committing a breach of the peace and that Weatherford was authorized to arrest.

Ground of error number four is overruled.

For these reasons the judgment is affirmed.