IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-190-CR





JEROME FORD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY



NO. 344,564, HONORABLE BRENDA KENNEDY, JUDGE 



 




 Appellant Jerome Ford was convicted of assault with bodily injury. After appellant
was found guilty by the jury, the trial court assessed his punishment at 180 days in the county jail
and a fine of $1,000.00. The imposition of the sentence was suspended and the appellant was
placed on probation subject to certain conditions.

 Appellant advances three points of error, claiming prosecutorial misconduct. The
sufficiency of the evidence to sustain the conviction is not challenged. 

 The evidence is undisputed that appellant assaulted the complainant, Carl Turner. 
The appellant claimed self-defense and defense of third parties, theories which were rejected by
the jury's verdict. Turner, his wife and young child lived at the home of his mother-in-law, Mary
Bass, in Travis County. Appellant was married to the granddaughter of Mary Bass and lived in
the same home. On September 9, 1990, Turner testified that he and his wife went to a nearby
store, and that he returned home carrying beer and cigarettes. As he entered the den, on the way
to his room, Turner stated he was socked in the jaw by the appellant. The blow knocked him onto
a couch. He hit the couch arm which had a metal cap that struck his back and ribs. Turner
suffered physical pain. The unexpected attack upon Turner was confirmed in large measure by
his wife, Lisa Turner, and by Mary Bass.

 Appellant stated he knew that Turner was a user of cocaine, and that on the
occasion in question Turner's face was oily, his eyes were wide open, and he had not changed
clothes in several days. Appellant had observed these conditions before when Turner had been
using cocaine. Appellant acknowledged that this was Turner's condition before Turner left for
the store. When Turner returned carrying beer and entered the den, it appeared to appellant that
Turner made a fist and moved towards him. It was then that appellant hit Turner, knocking Turner
to the floor. Appellant claimed he acted in self-defense and in defense of his wife and infant child
who were nearby. There had not been any previous difficulty that day between the two men.

 Initially, appellant urges that:



[T]he prosecutor violated Texas Rule of Criminal Evidence 404(b) by causing a
prosecution witness to interject a prior bad act of the appellant in the presence of
the jury, and the prosecutor violated Texas Rules of Criminal Evidence 402 and
403 [sic] by questioning appellant about prior and irrelevant acts in the presence
of the jury, in spite of specific rulings of the Trial Court, and such questions and
prosecutorial misconduct tainted the jury's determination of guilty, depriving the
appellant of a fair trial.



 Appellant calls our attention to three separate incidents of interrogation, including
the direct examination of the complainant, the direct examination of the complainant's wife, and
the cross-examination of the appellant. The State points out that it is not clear whether appellant
considers each interrogation as individual instances of misconduct, each warranting reversal, or
whether he considers reversal appropriate when the three instances are taken as a whole. By
combining more than one contention in a single point of error, an appellant risks rejection on the
ground that nothing is presented for review. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim.
App. 1990), cert. denied, 480 U.S. 1077 (1988). The instant point of error is multifarious and
presents nothing for review. Adkins v. State, 764 S.W.2d 782, 785 (Tex. Crim. App. 1988);
Macias v. State, 733 S.W.2d 192, 193 n.1 (Tex. Crim. App. 1987), cert. denied, 484 U.S. 1077
(1988); McCambridge v. State, 712 S.W.2d 499, 501-02 (Tex. Crim. App. 1986). Moreover,
the objections at trial do not comport with the complaint or complaints on appeal and present
nothing for review. Harris v. State, 784 S.W.2d 5, 14 (Tex. Crim. App. 1989).

 Nevertheless, we observe that in the first instance, appellant did not object to the
prosecutor's question but to the witness's answer that appellant and his wife had been fighting all
day. The trial court sustained the objection, instructed the prosecutor to be more specific, told
the jury to disregard the witness's last answer, but denied the motion for mistrial. Appellant does
not claim the trial court erred in overruling the mistrial motion, but now contends there was
prosecutorial misconduct, an objection which he did not advance at trial.

 In the second instance, the complainant's wife related that she and her mother had
called her father several times before the assault occurred. When the prosecutor asked her why
she had called her father, appellant made a "relevancy" objection. After a hearing out of the
jury's presence, the trial court sustained the objection. No further relief was requested.

 The third instance involved appellant's cross-examination. After appellant testified
he acted in defense of third parties, he was asked by the prosecutor if he had been protecting his
family "for that majority of that day." Appellant's general objection was immediately sustained. 
Out of the jury's hearing, the prosecutor argued the propriety of the question. The court
instructed the prosecutor:



You could ask him at this moment right at this time if he was beating his wife. 
That is perfectly fine. But what happened earlier in the day is not relevant.



Appellant's objection to "any questions about that" was overruled.

 After the court's somewhat confusing instructions, the prosecutor, in the jury's
presence, asked the appellant if it wasn't a fact that he had been beating his wife "that day." 
Appellant's objection was sustained, the question was not answered, and the jury was instructed
to disregard the question. The mistrial motion was denied. No objection was made at trial as to
prosecutorial misconduct. No claim is now advanced that the trial court erred. Appellant's first
point of error is overruled.

 In his second point of error, appellant contends that the prosecutor attempted to
elicit responses from him on cross-examination which had been ruled inadmissible by the trial
court in granting a motion in limine "and such questions and prosecutorial misconduct tainted the
jury's determination of guilty, depriving the appellant of a fair trial."

 The trial court granted appellant's pretrial motion in limine instructing the State not
to allude to or offer evidence pertaining to appellant allegedly threatening Fred Bass with a knife. 
When the cross-examination of appellant began, the record reflects:



Q. Mr. Ford, my name is Cynthia Bell, and I'm a prosecutor for the State of
Texas. Do you remember me, Mr. Ford?


A. No.


Q. Are you sure, never seen me before?


A. Not that I recall.


Q. Now, Mr. Ford . . . 



At this point there was a bench conference at the request of appellant's counsel. The jury was
retired and a hearing conducted. The prosecutor insisted that it was a routine question she
generally asked, denied she had personally prosecuted the appellant, or that he had been in "this
court." She had seen him "up here before," but stated she only wanted the jury to know that she
had not talked to the appellant, and that he did not know her. Appellant's objection was that the
prosecutor was trying to show that he had been in trouble before and that it had no relevancy. 
No mention was made of the ruling on the motion in limine or of Fred Bass. The prosecutor 
urged that any objection was not timely as the question had been asked and answered. No ruling
was obtained on appellant's objection, but the trial court agreed to instruct the jury to disregard
the question "Do you remember me, Mr. Ford?" The motion for mistrial was overruled.

 The complaint on appeal does not comport with the objection made at trial. Harris,
784 S.W.2d at 14. Moreover, a granted motion in limine does not preserve error. Counsel must
properly and timely object at trial. Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988),
cert. denied, 491 U.S. 910 (1989); Wools v. State, 665 S.W.2d 455, 470 (Tex. Crim. App. 1983),
cert. denied, 468 U.S. 1220 (1984); Romero v. State, 577 S.W.2d 251, 252 (Tex. Crim. App.
1979). Appellant's second point of error is overruled.

 Appellant, in his third point, argues that the "record in this case and case law
demonstrates that the prosecutorial misconduct is sufficient for this case to be reversed and
rendered." Appellant argues that there were three instances of prosecutorial misconduct. These
have been previously discussed. The Texas Court of Criminal Appeals has never established a
general test for all types of prosecutorial misconduct but has examined such claims on a case-by-case basis. While not considering the same as exhaustive or mandatory, the court has listed three
factors as a starting point for identifying reversible conduct. First, the defendant has objected to
the conduct of the prosecutor. Second, the prosecutors have by their actions deliberately violated
an express court order. Third, the prosecutorial misconduct was so blatant as to border on being
contumacious. Stahl v. State, 749 S.W.2d 826, 830-31 (Tex. Crim. App. 1988). In the instant
case all three factors were not met. Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

[Before Justices Powers, Kidd and Onion*; Justice Powers not participating]

Affirmed

Filed: June 3, 1992

[Do Not Publish]





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).