IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-348-CR




PHILLIP LAWRENCE ALEXANDER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 42,898, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of possessing cocaine. Controlled Substances Act,
71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws 2230, 2936 (Tex. Health &
Safety Code Ann. § 481.115, since amended). The district court assessed punishment, enhanced
by two previous felony convictions, at imprisonment for thirty years.

 In October 1992, police executed a warrant for appellant's arrest. During a search
incident to this arrest, officers found in appellant's hand a homemade pipe used to smoke crack
cocaine. A rock of crack cocaine was found at appellant's feet. One of the officers testified that
he saw the rock fall out of appellant's coat pocket as he was being searched.

 In his first point of error, appellant contends the district court erred by overruling
his hearsay objection to testimony describing the result of chemical tests conducted on the
suspected rock of crack cocaine. The testifying witness was Charles Mott, a chemist at the
Department of Public Safety laboratory in Waco. Over appellant's objection, Mott testified that
a chemist no longer employed by the department, Elizabeth Willets, tested the substance and
concluded that it contained cocaine.

 Chemists employed full-time by the Department of Public Safety are "law
enforcement personnel" within the meaning of Rule 803(8) of the Texas Rules of Criminal
Evidence. Cole v. State, 839 S.W.2d 798, 803 (Tex. Crim. App. 1990). The reports prepared
by such chemists are not admissible under the business record or public record exceptions to the
hearsay rule. Id. at 806. Accordingly, we agree with appellant that the district court erred by
permitting Mott to relate Willets's opinion that the substance in question was cocaine.

 At the State's request, Mott also tested the contraband seized from appellant. Mott
testified that he detected traces of cocaine in the crack pipe and, like Willets, found cocaine in the
rock of suspected crack. In light of this evidence, and given the absence of a serious dispute at
trial regarding the nature of the substances tested, we conclude beyond a reasonable doubt that the
erroneous introduction of the results of Willets's tests did not contribute to the verdict of guilt. (1) 
Tex. R. App. P. 81(b)(2); Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). Point
of error one is overruled.

 In point of error two, appellant contends the district court improperly permitted
proof of an extraneous offense by admitting testimony that appellant had previously been to
prison. Tex. R. Crim. Evid. 404(b). One of the arresting officers testified that following his
arrest, appellant said, "I don't want to go back to prison, I need to work this thing out." 
Appellant objected, "I'm going to object on the grounds that at this point we're getting into
evidence that the jury should not hear about his testimony that he just testified to about stating not
wanting to go back to prison and I would ask the Judge to instruct the jury to disregard that." The
objection was overruled. Later, another officer testified that appellant told him that "he didn't
want to go back to prison, he wanted to work out the same deal he had last time." Appellant's
objection on this occasion was, "I don't think this is a statement against penal interest and I don't
think that it's admissible at this time." This objection was also overruled.

 Appellant's trial objections do not comport with the contention he makes on appeal. 
Tex. R. App. P. 52(a). Appellant now relies on a motion in limine granted by the district court
by which the State was instructed not to elicit testimony with respect to appellant's criminal record
without first obtaining a ruling as to its admissibility. A ruling on a motion in limine, however,
does not preserve error for appeal. Romo v. State, 577 S.W.2d 251, 252 (Tex. Crim. App.
1979). Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 11, 1995

Do Not Publish

1. Appellant's defense consisted primarily of an attack on the chain of custody of the
contraband and an assertion that the prosecution was in retaliation for appellant's refusal to act
as an informer for the police.