OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 9, 2002

The Honorable Michael A. McDougal
District Attorney
Ninth Judicial District
301 North Thompson, Suite 106
Conroe, Texas 77301-2824

Opinion No. JC-0530

Re: Whether city police officers acting as drainage-district peace officers under section 49.216 of the Water Code may issue traffic citations for traffic violations committed within the drainage district (RQ-0510-JC)

Dear Mr. McDougal:

Section 49.216(a) of the Water Code authorizes a water district to "contract for or employ its own peace officers with power to make arrests when necessary to prevent or abate the commission of . . . any offense against the laws of the state." TEX. WATER CODE ANN. § 49.216(a) (Vernon 2000). Pursuant to this provision and the Interlocal Cooperation Act, the Montgomery County Drainage District No. 6 ("MCDD" or the "drainage district") has contracted with the City of Oak Ridge North (the "city"), a Type A general-law municipality, to provide peace officers in the district. Under article 14.03(g) of the Code of Criminal Procedure, the authority of a peace officer who is outside his or her geographic jurisdiction to make warrantless arrests for traffic violations is limited to rangers and officers commissioned by the Texas Department of Public Safety ("DPS"). You ask whether city police officers acting as drainage-district peace officers under section 49.216 of the Water Code may issue traffic citations for state-law traffic violations committed within the drainage district. We conclude that a city police officer acting as drainage-district peace officer under section 49.216 of the Water Code is in fact a drainage-district peace officer and is authorized by section 49.216 to make warrantless arrests for state-law traffic violations within the district. Article 14.03(g) of the Code of Criminal Procedure, which addresses the authority of peace officers to make arrests outside their jurisdictions, does not apply.

Before we address your specific question, we begin with a brief review of statutes establishing the authority of peace officers and the provisions upon which the MCDD-city contract is based. Pursuant to the Code of Criminal Procedure, the term "peace officer" embraces a variety of law enforcement officers, including, for example, sheriffs and their deputies; "marshals or police officers of an incorporated city;" "rangers and officers commissioned by" DPS; and "officers commissioned by a water control and improvement district under Section 49.216, Water Code." TEX. CODE CRIM. PROC. ANN. art. 2.12(1), (3), (4), (15) (Vernon Supp. 2002). A police officer of a Type A general-law municipality has "the powers, rights, duties, and jurisdiction granted to or

imposed on a peace officer by the Code of Criminal Procedure." TEX. LOC. GOV'T CODE ANN. § 341.001(e)(1) (Vernon 1999); *see also infra* note 1.

Under the Code of Criminal Procedure, "[i]t is the duty of every peace officer to preserve the peace within the officer's jurisdiction." TEX. CODE CRIM. PROC. ANN. art. 2.13 (Vernon Supp. 2002). The authority of a peace officer to make a warrantless arrest depends upon whether the officer is within his or her geographic jurisdiction. Within an officer's jurisdiction, the officer "shall use all lawful means" to, among other things, "in every case authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime," and "arrest offenders without warrant in every case where the officer is authorized by law, in order that they may be taken before the proper magistrate or court and be tried," *id.* art. 2.13(b)(1), (4). Under article 14.01(b) of the Code of Criminal Procedure, a peace officer may "arrest an offender without a warrant for any offense committed in his presence or within his view," *see id.* art. 14.01(b) (Vernon 1977), but this authority is limited to the officer's geographic jurisdiction, *see Angel v. State*, 740 S.W.2d 727, 732 (Tex. Crim. App. 1987) (under section 14.01(b) a peace officer can make a warrantless arrest only within his geographic or territorial jurisdiction). Similarly, the Transportation Code authorizes "[a]ny peace officer [to] arrest without warrant a person found committing a violation of" state traffic laws, TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999), but courts have limited this authority to the officer's geographic jurisdiction, *see Angel*, 740 S.W.2d at 732.[1]

A peace officer also has authority to make certain arrests outside of his or her jurisdiction. Under article 14.01(a) of the Code of Criminal Procedure, a peace officer, like any other citizen, may, without a warrant, "arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace." TEX. CODE CRIM. PROC. ANN. art. 14.01(a) (Vernon 1977). This authority under article 14.01(a) to make a warrantless arrest for a felony or an offense against the public peace committed in the officer's presence extends statewide and is not limited to acts that take place within the officer's jurisdiction. *See Romo v. State*, 577 S.W.2d 251, 253 (Tex. Crim. App. [Panel Op.] 1979).

Article 14.03 gives peace officers specific authority to make warrantless arrests for certain offenses anywhere in the state. *See Yeager v. State*, 23 S.W.3d 566, 571-72 (Tex. App.–Waco 2000, pet. granted) (holding that subsections (d) and (g) of article 14.03 extend peace officers' geographic authority). Article 14.03(d) specifically authorizes a peace officer "who is outside his jurisdiction" to arrest without a warrant a person who commits an offense within the officer's presence or view "if the offense is a felony, a violation of Title 9, Chapter 42, Penal Code [disorderly conduct], a breach of the peace, or an offense under Section 49.02, Penal Code [public intoxication]." TEX.

---

[1] *See also Yeager v. State*, 23 S.W.3d 566, 571 n.3 (Tex. App.–Waco 2000, pet. granted) (noting that "the continued viability of the specific jurisdictional holding in *Angel* [that city police officers' jurisdiction is coextensive with the county sheriff's] may be open to question" because the court based its decision on precise language in former articles 998 and 999 equating the jurisdiction of city police officers with that of the city marshal, whose jurisdiction matched that of the county sheriff; that language was carried over into Local Government Code section 341.001 but then amended in 1995 to provide that a Type A general-law city police officer's jurisdiction is that "granted to or imposed on a peace officer by the Code of Criminal Procedure").

CODE CRIM. PROC. ANN. art. 14.03(d) (Vernon Supp. 2002). In addition, article 14.03(g) provides in pertinent part as follows:

> A peace officer listed in Subdivision (1), (2), (3), (4), or (5), Article 2.12, who is licensed under Chapter 415, Government Code [now chapter 1701 of the Occupations Code], and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, except that an officer who is outside the officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the officer is listed in Subdivision (4), Article 2.12.

*Id.* art. 14.03(g) (footnote omitted). The last phrase of subsection (g) limits the authority to make extrajurisdictional arrests for state-law traffic offenses to rangers and officers commissioned by the DPS. *See id.* art. 2.12(4) ("rangers and officers commissioned by the Public Safety Commission and the Director of the Department of Public Safety"); TEX. TRANSP. CODE ANN. chs. 541-600 (Vernon 1999 & Supp. 2002) (title 7, subtitle C, "Rules of the Road").

Subsections (d) and (g) of article 14.03 have been construed to authorize officers to make arrests outside their jurisdictions but not to make investigative detentions. *See Yeager,* 23 S.W.3d at 572 ("We do not believe that article 14.03 itself grants a peace officer the right to conduct an investigative detention outside of her jurisdiction."). An officer who is outside his or her jurisdiction must have probable cause to make an arrest under article 14.03. *See id.* at 568 ("an officer must have probable cause to arrest before he can detain a citizen under article 14.03 when outside of his geographic jurisdiction").

We understand that the MCDD is a drainage district subject to chapters 49 and 56 of the Water Code[2] and that the drainage district has contracted with the city to provide peace officers in the district pursuant to section 49.216 of the Water Code and the Interlocal Cooperation Act. *See* Brief, Exhibit A (contract).[3] Section 49.216 of the Water Code authorizes a district to contract for or employ peace officers as follows:

---

[2]Chapter 49 defines the term "district" as "any district or authority created by authority of either Sections 52(b)(1) and (2), Article III, or Section 59, Article XVI, Texas Constitution, regardless of how created," TEX. WATER CODE ANN. § 49.001(a)(1) (Vernon 2000), and applies to "all general and special law districts to the extent that the provisions of this chapter do not directly conflict with a provision in any other chapter of this code or any Act creating or affecting a special law district," *id.* § 49.002(a). "In the event of such conflict, the specific provisions in such other chapter or Act shall control." *Id.* Chapter 56 provides that a drainage district may be created "either under and subject to the limitations of Article III, Section 52, of the Texas Constitution, or under Article XVI, Section 59, of the Texas Constitution." *Id.* § 56.011 (Vernon 1972). It does not contain a provision regarding peace officers.

[3]Brief from Honorable Michael A. McDougal, District Attorney, 9th Judicial District, to Honorable John Cornyn, Texas Attorney General (Feb. 8, 2002) (on file with Opinion Committee) [hereinafter Brief].

> (a) A district may contract for or employ its own peace officers with power to make arrests when necessary to prevent or abate the commission of:
>
>> (1) any offense against the rules of the district when the offense or threatened offense occurs on any land, water, or easement owned or controlled by the district;
>>
>> (2) any offense involving injury or detriment to any property owned or controlled by the district; and
>>
>> (3) any offense against the laws of the state.

TEX. WATER CODE ANN. § 49.216(a) (Vernon 2000). Under section 49.216, "[a]ny peace officer, before beginning to perform any duties and at the time of appointment, must take an oath and execute a bond conditioned on faithful performance of such officer's duties in the amount of $1,000 payable to the district. The oath and the bond shall be filed in the district office." *Id.* § 49.216(e).

The Interlocal Cooperation Act, chapter 791 of the Government Code, authorizes a "local government" to contract with another local government to perform "governmental functions and services . . . that each party to the contract is authorized to perform individually." TEX. GOV'T CODE ANN. § 791.011(a), (c) (Vernon Supp. 2002). In the Interlocal Cooperation Act the term "local government" includes a municipality or special district. *Id.* § 791.003(4). The term "governmental functions and services" includes "police protection and detention services." *Id.* § 791.003(3)(A); *see also id.* § 791.006(b) ("In the absence of a contract, if a municipality or county furnishes law enforcement services to another municipality or county, the governmental unit that requests and obtains the services is responsible for any civil liability that arises from the furnishing of those services.").

In Letter Opinion 98-079, this office concluded that, given its authority under section 49.216 of the Water Code, a municipal utility district could enter into a contract under the Interlocal Cooperation Act with a county for the provision of law enforcement services in the district by county deputy constables or sheriffs. *See* Tex. Att'y Gen. LO-98-079, at 3. Similarly, the district here is authorized to contract for peace officers under section 49.216 of the Water Code, and the city is authorized to provide police protection under section 341.001 of the Local Government Code, which authorizes the "governing body of a Type A general-law municipality [to] establish and regulate a municipal police force." TEX. LOC. GOV'T CODE ANN. § 341.001(a) (Vernon 1999). We assume that the arrangement between the district and the city complies with both section 49.216 of the Water Code and the Interlocal Cooperation Act. *See, e.g.,* TEX. GOV'T CODE ANN. § 791.011(d)-(f) (Vernon Supp. 2002) (terms of interlocal cooperation agreement); TEX. WATER CODE ANN. § 49.216(e) (Vernon 2000) ("Any peace officer, before beginning to perform any duties and at the time of appointment, must take an oath and execute a bond conditioned on faithful performance of such officer's duties in the amount of $1,000 payable to the district. The oath and the bond shall be filed

in the district office."). This office does not generally review or construe contracts[4] and, moreover, you have not asked about the validity of the contract. Rather, you ask about the authority of city police officers acting pursuant to the contract within the drainage district.

You state that city police officers acting as drainage-district peace officers under the contract have arrested drivers for traffic offenses committed within their view within the district, but the justice of the peace has "dismissed the water district's traffic tickets for want of jurisdiction." Brief, *supra* note 3, at 2. Apparently there is some concern that article 14.03(g) of the Code of Criminal Procedure, to the extent it provides that "an officer who is outside the officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the officer is listed in Subdivision (4), Article 2.12 [*i.e.* a DPS commissioned ranger or officer]," precludes city police officers from enforcing state traffic laws within the drainage district.

Accordingly, you ask whether "water district peace officers have jurisdiction in the regular course of their law enforcement duties to make warrantless arrests for traffic violations committed on the streets within the area encompassed by the water district." *Id.* at 3. We conclude that drainage-district peace officers are authorized to make warrantless arrests for state-law traffic violations within the district. Under section 49.216 of the Water Code, a drainage-district peace officer has the "power to make arrests when necessary to prevent or abate the commission of: (1) any offense against the rules of the district when the offense or threatened offense occurs on any land, water, or easement owned or controlled by the district; (2) any offense involving injury or detriment to any property owned or controlled by the district; and (3) *any offense against the laws of the state.*" TEX. WATER CODE ANN. § 49.216(a) (Vernon 2000) (emphasis added). The phrase "any offense against the laws of the state" includes traffic offenses under title 7, subtitle C of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 542.301(a) (Vernon 1999) ("A person commits an offense if the person performs an act prohibited or fails to perform an act required by this subtitle."). Furthermore, a peace officer for whom a district has contracted under section 49.216 of the Water Code who makes a warrantless arrest within the district under the authority of section 49.216 is in fact a drainage-district peace officer and makes the arrest as a drainage-district peace officer acting within his or her geographic jurisdiction. Article 14.03(g) of the Code of Criminal Procedure, which addresses the authority of peace officers while outside their jurisdictions and allows only certain peace officers to make warrantless arrests outside their jurisdictions in certain cases, does not apply.

We note that this office has concluded on a number of occasions that the Interlocal Cooperation Act "does not provide a mechanism for a city or any other local government to extend its police power beyond its statutory jurisdiction. Nor does the Act permit a local government to delegate to another entity a power it does not have." Tex. Att'y Gen. Op. No. JC-0219 (2000) at 5 (citing Tex. Att'y Gen. Op. No. JM-191 (1984) at 1; Tex. Att'y Gen. LO-97-055, at 3 n.3). The

---

[4]*See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (contract interpretation beyond purview of this office); DM-383 (1996) at 2 (interpretation of contract not appropriate function for opinion process); DM-192 (1992) at 10 ("This office, in the exercise of its authority to issue legal opinions, does not construe contracts."); JM-697 (1987) at 6 ("review of contracts is not an appropriate function for the opinion process").

contractual arrangement here does not extend the police power of the city beyond its statutory jurisdiction. The law enforcement authority exercised by peace officers within the drainage district pursuant to the arrangement is the authority of the district under section 49.216 of the Water Code, not the authority of the city under section 341.001 of the Local Government Code.

Finally, the Code of Criminal Procedure lists as peace officers "officers commissioned *by a water control and improvement district* under Section 49.216, Water Code," TEX. CODE CRIM. PROC. ANN. art. 2.12(15) (Vernon Supp. 2002) (emphasis added), but does not list officers commissioned by drainage districts and other districts that may contract for or employ peace officers under section 49.216, *see id.* art. 2.12. Given that section 49.216 of the Water Code provides the authority for drainage-district peace officers to make warrantless arrests for state-law traffic offenses, we do not address the significance of that omission, if any. We also note that for purposes of the Penal Code, "'[p]eace officer' means a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, Section 51.212 or 51.214, Education Code, *or other law.*" TEX. PEN. CODE ANN. § 1.07(36) (Vernon 1994) (emphasis added). This definition would include peace officers employed or appointed under section 49.216 of the Water Code.

## S U M M A R Y

Section 49.216 of the Water Code and the Interlocal Cooperation Act authorize a drainage district to contract with another local government for law enforcement services within the district. A city police officer acting as peace officer in a drainage district under such a contract is in fact a drainage-district peace officer. A drainage-district peace officer is authorized by section 49.216 to make warrantless arrests for state-law traffic violations within the district.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee