**Steven James TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–03–01090–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 2, 2004.

Bob Wicoff, Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

After the trial court denied his motion to suppress evidence, appellant, Steven James Taylor, pleaded guilty to the offense of endangering a child. The trial court deferred adjudication, placed appellant on community supervision for four years, and assessed a fine of $500. We determine whether the trial court abused its discretion in denying the motion to suppress the evidence stemming from an out-of-jurisdiction stop by Deputy Gutierrez. We affirm.

## BACKGROUND

On December 31, 2002, Deputy Gutierrez of the Lee County Sheriff's Office, enroute to Houston, observed appellant driving south on State Highway 290 in Harris

County. Gutierrez was traveling approximately 70 miles per hour (mph) in the inside lane. He was passed by appellant, who proceeded to swerve into the inside lane ahead of the vehicle in front of Gutierrez, forcing that vehicle to brake and swerve to avoid a collision. Appellant continued down the roadway, his speed varying randomly from 50 to 70 mph. He was weaving within his own lane as well as making unpredictable lane changes without signaling. Gutierrez called 9-1-1. Appellant then accelerated to 120 mph. Shortly thereafter, appellant exited the freeway abruptly. In doing so, he crossed all traffic lanes and entered the exit ramp unsafely. Harris County dispatch instructed Gutierrez to stop the vehicle, which he did. Harris County officers arrived shortly thereafter and took appellant into custody.

## DISCUSSION

■ In his sole issue on appeal, appellant contends that the trial court erred in denying his motion to suppress any evidence gained as a result of an illegal arrest. He argues that, because Gutierrez was outside his jurisdiction, he lacked authority to stop him for a traffic violation or for reasonable suspicion of driving while intoxicated.[1] Appellant also argues that his conduct did not constitute a breach of the peace.

### Standard of Review

■ The standard for reviewing a trial court's ruling on a motion to suppress evidence is abuse of discretion. *Long v. State*, 823 S.W.2d 259, 277 (Tex.Crim.App. 1991). At a hearing on a motion to suppress, the trial court is the sole trier of

fact and judge of the credibility of the witnesses as well as the weight to be given to their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Brooks v. State*, 830 S.W.2d 817, 820 (Tex. App.-Houston [1st Dist.] 1992, no pet.). On appellate review, the evidence presented at the suppression hearing is viewed in the light most favorable to the trial court's ruling to determine whether the trial court abused its discretion in denying the motion to suppress. *Whitten v. State*, 828 S.W.2d 817, 820 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). The Court will afford almost total deference to a trial court's determination of historical facts that the record supports, especially when the findings are based on the evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). The fact finder is the sole judge of the witnesses' credibility and may accept or reject any or all of the witnesses' testimony. *Taylor*, 945 S.W.2d at 297. In reviewing a ruling on a question of application of law to facts, we review the evidence in the light most favorable to the trial court's ruling. *Guzman*, 955 S.W.2d at 89. We may reverse only if the lower court abused its discretion in denying the motion.

### Breach of the Peace

A Texas peace officer has authority to arrest an individual anywhere in the state, regardless of jurisdictional boundaries, for a breach of the peace that occurs in his presence. *See* Tex.Code Crim. Proc. Ann. art. 14.03(d) (Vernon 2003). If Gutierrez witnessed a breach of the peace by appellant, he had authority to arrest him.

---

1. In support of his argument, appellant cites to *State v. Kurtz*, recently affirmed by the Texas Court of Criminal Appeals. *See State v. Kurtz*, 152 S.W.3d 72 (Tex.Crim.App. 2004).

In *Kurtz*, the Court of Criminal Appeals held that a peace officer cannot make an arrest for traffic violations occurring outside his geographical jurisdiction. *Id.* at 73.

Texas courts have consistently held that erratic driving can rise to the level of a breach of the peace. In *Kunkel v. State*, a citizen's-arrest case, the appellate court reasoned that erratic driving fell on a spectrum, and that at a certain threshold, unsafe driving constitutes a breach of the peace in and of itself when it places others in imminent danger of harm. 46 S.W.3d 328, 331 (Tex.App.-Houston [14 Dist.] 2001, pet. ref'd). In *Kunkel*, the defendant's behavior, consisting of "a series of moving violations accompanied by prolonged erratic driving," was held to be a breach of the peace. *Id.*

Similarly, in *Romo v. State*, the court held that an out-of-jurisdiction stop was proper in a case in which the defendant was driving erratically and at a high rate of speed. 577 S.W.2d 251, 252–53 (Tex. Crim.App.1979). The *Romo* court held that the officer was authorized to arrest Romo because Romo was committing a breach of the peace. *Id.* at 253.

We conclude that, like the defendants in *Kunkel* and *Romo*, appellant committed a breach of the peace by his erratic driving and speeding. Gutierrez, witnessing personally the behavior of appellant, was authorized by article 14.03(d) to arrest him for breach of the peace. *See* TEX.CODE CRIM. PROC. ANN. art. 14.03(d) (Vernon 2003).

We hold that the trial court did not abuse its discretion by denying the motion to suppress. Accordingly, we overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.