Opinion issued December 2, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01090-CR




STEVEN JAMES TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 934769




O P I N I O N
          After the trial court denied his motion to suppress evidence, appellant, Steven
James Taylor, pleaded guilty to the offense of endangering a child. The trial court
deferred adjudication, placed appellant on community supervision for four years, and
assessed a fine of $500. We determine whether the trial court abused its discretion
in denying the motion to suppress the evidence stemming from an out-of-jurisdiction
stop by Deputy Gutierrez. We affirm.BACKGROUND
          On December 31, 2002, Deputy Gutierrez of the Lee County Sheriff’s Office,
en-route to Houston, observed appellant driving south on State Highway 290 in
Harris County. Gutierrez was traveling approximately 70 miles per hour (mph) in
the inside lane. He was passed by appellant, who proceeded to swerve into the inside
lane ahead of the vehicle in front of Gutierrez, forcing that vehicle to brake and
swerve to avoid a collision. Appellant continued down the roadway, his speed
varying randomly from 50 to 70 mph. He was weaving within his own lane as well
as making unpredictable lane changes without signaling. Gutierrez called 9-1-1. 
Appellant then accelerated to 120 mph. Shortly thereafter, appellant exited the
freeway abruptly. In doing so, he crossed all traffic lanes and entered the exit ramp
unsafely. Harris County dispatch instructed Gutierrez to stop the vehicle, which he
did. Harris County officers arrived shortly thereafter and took appellant into custody. 
DISCUSSION
          In his sole issue on appeal, appellant contends that the trial court erred in
denying his motion to suppress any evidence gained as a result of an illegal arrest. 
He argues that, because Gutierrez was outside his jurisdiction, he lacked authority to
stop him for a traffic violation or for reasonable suspicion of driving while
intoxicated.


 Appellant also argues that his conduct did not constitute a breach of the
peace.
                                                   Standard of Review
          The standard for reviewing a trial court’s ruling on a motion to suppress
evidence is abuse of discretion. Long v. State, 823 S.W.2d 259, 277 (Tex. Crim. App.
1991). At a hearing on a motion to suppress, the trial court is the sole trier of fact and
judge of the credibility of the witnesses as well as the weight to be given to their
testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Brooks
v. State, 830 S.W.2d 817, 820 (Tex. App.—Houston [1st Dist.] 1992, no pet.). On
appellate review, the evidence presented at the suppression hearing is viewed in the
light most favorable to the trial court’s ruling to determine whether the trial court
abused its discretion in denying the motion to suppress. Whitten v. State, 828 S.W.2d
817, 820 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). The Court will afford
almost total deference to a trial court’s determination of historical facts that the record
supports, especially when the findings are based on the evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The fact
finder is the sole judge of the witnesses’ credibility and may accept or reject any or
all of the witnesses’ testimony. Taylor, 945 S.W.2d at 297. In reviewing a ruling on
a question of application of law to facts, we review the evidence in the light most
favorable to the trial court’s ruling. Guzman, 955 S.W.2d at 89. We may reverse
only if the lower court abused its discretion in denying the motion. 
Breach of the Peace
          A Texas peace officer has authority to arrest an individual anywhere in the
state, regardless of jurisdictional boundaries, for a breach of the peace that occurs in
his presence. See Tex. Code Crim. Proc. Ann. art. 14.03(d) (Vernon 2003). If
Gutierrez witnessed a breach of the peace by appellant, he had authority to arrest him.
           Texas courts have consistently held that erratic driving can rise to the level of
a breach of the peace. In Kunkel v. State, a citizen’s-arrest case, the appellate court
reasoned that erratic driving fell on a spectrum, and that at a certain threshold, unsafe
driving constitutes a breach of the peace in and of itself when it places others in
imminent danger of harm. 46 S.W.3d 328, 331 (Tex. App.—Houston [14 Dist.] 2001,
pet. ref’d). In Kunkel, the defendant’s behavior, consisting of “a series of moving
violations accompanied by prolonged erratic driving,” was held to be a breach of the
peace. Id. 
           Similarly, in Romo v. State, the court held that an out-of-jurisdiction stop was
proper in a case in which the defendant was driving erratically and at a high rate of
speed. 577 S.W.2d 251, 252-53 (Tex. Crim. App. 1979). The Romo court held that
the officer was authorized to arrest Romo because Romo was committing a breach of
the peace. Id. at 253. 
          We conclude that, like the defendants in Kunkel and Romo, appellant
committed a breach of the peace by his erratic driving and speeding. Gutierrez,
witnessing personally the behavior of appellant, was authorized by article 14.03(d)
to arrest him for breach of the peace. See Tex. Code Crim. Proc. Ann. art. 14.03(d)
(Vernon 2003). 
          We hold that the trial court did not abuse its discretion by denying the motion
to suppress. Accordingly, we overrule appellant’s sole issue.Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Publish. Tex. R. App. P. 47.2(b).