COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CURTIS WAYNE ROBERTSON, | § | No. 08-17-00109-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 112th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Crockett County, Texas |
| Appellee. | § | |
| | § | (TC# 2888) |

## O P I N I O N

Appellant Curtis Wayne Robertson appeals his conviction for felony driving while intoxicated. Robertson's conviction was enhanced by three prior convictions for DWI, and he was sentenced to ten years' imprisonment. In two issues, Robertson contends: (1) the trial court abused its discretion in finding that Agent Sulaica was acting as a private citizen and not as a Border Patrol agent when he arrested Robertson; and (2) the trial court abused its discretion in denying his motion to suppress because a Border Patrol agent lacks the authority to detain a citizen for violations of state law. We affirm.

## BACKGROUND

On April 28, 2015, U.S. Border Patrol Agent Jesus Sulaica Jr. was conducting an operation to intercept undocumented immigrants in Crockett County, Texas. While Sulaica was on patrol,

he noticed Appellant Robertson's vehicle traveling at a slow rate of speed in front of him. Robertson's vehicle then pulled off the side of the road and Robertson rolled down his window. It was common in the area for ranchers to stop and speak with Border Patrol agents regarding the goings-on near their ranches, and Sulaica thought nothing of it at the time. Sulaica pulled over and rolled down his passenger-side window, greeted Robertson, and the two engaged in idle conversation for a moment. Robertson then exited his vehicle to walk over and speak with Sulaica. Sulaica noticed Robertson was unsteady on his feet as he approached the patrol vehicle. As he began speaking with him, Robertson had to hang onto the patrol car for balance and was having difficulty standing. Robertson also smelled of alcohol. Sulaica, a former police officer and sheriff's deputy, believed Robertson was intoxicated and asked him if he had been drinking. Robertson responded that he had indeed been drinking. Believing it would be dangerous to allow him to get back on the road, Sulaica detained him by placing him in the back of his patrol vehicle. Sulaica then turned on his overhead lights to warn oncoming traffic of his presence and contacted local law enforcement.

Robertson asked to leave, but Sulaica informed him he was not free to go until local law enforcement arrived and determined whether or not he could drive. Trooper Nancy Mata arrived on the scene shortly thereafter. Mata detected a strong odor of alcohol emanating from Robertson. She asked Robertson to explain what had happened, and he replied that he had pulled over to chat with Sulaica and Sulaica had detained him. Robertson then refused Mata's request that he perform field sobriety tests. Mata arrested Robertson for driving while intoxicated. She later obtained a warrant for a blood draw, and the subsequent blood test revealed Robertson was significantly over the legal limit.

2

Robertson was indicted for felony driving while intoxicated, enhanced by three prior convictions for driving while intoxicated. He filed a motion to suppress, alleging a Border Patrol agent lacked the authority to stop and detain a motorist for a suspected violation of state traffic law. After a hearing on the motion to suppress, the trial court entered written findings of fact and conclusions of law in which it found Sulaica had authority to detain Robertson under Article 14.01 of the Texas Code of Criminal Procedure, which authorizes a "citizen's arrest" when a felony or breach of the public peace is committed in the citizen's presence. The court concluded that because driving while intoxicated is a breach of the peace, the statute authorized Sulaica to arrest Robertson because Sulaica had probable cause to believe Robertson had been driving while intoxicated. Robertson subsequently pleaded guilty, and the trial court sentenced him to ten years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

In his first issue, Robertson contends the State failed to carry its burden to show that Sulaica was acting in his capacity as a private citizen and not as a Border Patrol agent when he detained Robertson. Robertson asserts that because the State failed to carry this alleged burden, the trial court abused its discretion in finding Sulaica was acting as a private citizen. In his second issue, Robertson argues that a Border Patrol agent lacks the authority to seize a person for a state traffic violation. Because Sulaica was acting as a Border Patrol agent when he seized Robertson, the seizure was illegal, and the trial court abused its discretion in denying his motion to suppress and allowing Sulaica to testify regarding his observations of Robertson and the statements he made.

### Findings of Fact

#### *Standard of Review*

3

We review a trial court's suppression ruling under a bifurcated standard, deferring to the trial court's findings of fact while evaluating the application of the applicable law to those facts de novo. *State v. Saenz*, 411 S.W.3d 488, 494 (Tex.Crim.App. 2013). If the trial court's decision falls within the zone of reasonable disagreement, is reasonably supported by the record, and is correct under any theory of law applicable to the case, it will be upheld. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006)(*citing Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990)).

### *Applicable Law*

Under the Texas Code of Criminal Procedure, a person may, without a warrant, arrest an individual when that individual commits a felony or a breach of the public peace within the presence or view of the arresting person. TEX.CODE CRIM.PROC.ANN. art. 14.01(a). A citizen's arrest must be supported by probable cause in order to justify an arrest or detention. *Garner v. State*, 779 S.W.2d 498, 501 (Tex.App.—Fort Worth 1989, pet. ref'd). Driving while intoxicated is a breach of the public peace that authorizes a citizen's arrest under the Code. *Romo v. State*, 577 S.W.2d 251, 253 (Tex.Crim.App. [Panel Op.] 1979).

### *Analysis*

Here, Robertson contends Agent Sulaica was not acting as a citizen of the State of Texas when he detained him but was instead acting in his capacity as a United States Border Patrol Agent. He bases this contention on the following facts: (1) Sulaica testified he was working to intercept a group of undocumented immigrants at the time of the encounter with Robertson; (2) Sulaica testified he was wearing his uniform and carrying a weapon when he detained Robertson; and (3) Sulaica placed Robinson in the back of his Border Patrol vehicle, which had its overhead lights

4

activated.

We are required to defer to the trial court's findings of fact if they are supported by the record. *Saenz*, 411 S.W.3d at 494. While Robertson draws our attention to testimony that could support his contention that Sulaica was not acting as a citizen—if such a showing is even possible here—he does not address testimony that contradicts his argument. Sulaica testified he did not stop Robertson and that Robertson was the one who initiated the encounter by pulling over and rolling down his window to speak to Sulaica. Sulaica also testified he did not detain Robertson pursuant to his duties as a Border Patrol agent, but rather was concerned that an accident would occur if he allowed him to drive. Accordingly, the trial court's finding that Sulaica's actions in detaining Robertson until local law enforcement arrived were done in his capacity as a citizen of the State of Texas and not as a Border Patrol agent was supported by the record. We therefore defer to that finding. Issue One is overruled.

### Citizen's Arrest

In his second issue, Robertson contends that a Border Patrol agent is never authorized to detain an individual for suspected violations of state law. He asserts that because Sulaica was a Border Patrol agent, the trial court abused its discretion in denying his motion to suppress evidence seized as a result of the illegal detention.

Robertson cites several cases allegedly supporting his contention that his detention was illegal. In *Foster v. State*, the court of appeals addressed a situation where a driver on a two-lane road pulled up behind an unmarked police vehicle at a stop light and began revving his engine and lurching forward behind the police vehicle. *Foster v. State*, 297 S.W.3d 386, 389 (Tex.App.—Austin 2009), *rev'd,* 326 S.W.3d 609 (Tex.Crim.App. 2010). A marked police cruiser pulled

5

along side the driver, effectively boxing him in so that he could not leave, and the respective police officers exited their vehicles and approached the driver. *Id*. The officers noticed a strong smell of alcohol emanating from the driver, and after failing field sobriety tests, the driver was charged with and subsequently convicted of driving while intoxicated. *Id*. The Austin court held the officers lacked reasonable suspicion of either a traffic violation or impaired driving that would justify detaining the driver, and therefore the driver's motion to suppress should have been granted. *Id*., at 394. The Court of Criminal Appeals reversed, concluding the officers had reasonable suspicion to believe the driver was intoxicated and thus make an investigatory stop because an officer only needs to be able to "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Foster v. State*, 326 S.W.3d 609, 613 (Tex.Crim.App. 2010)(*quoting Terry v. Ohio*, 392 U.S. 1, 21 (1968)). Because the driver was acting erratically near a high-DWI area, the officers had sufficient facts to support a reasonable suspicion of DWI. *Id*.

*Foster* is inapplicable here because reasonable suspicion to initiate a traffic stop or investigatory detention is not at issue. Robertson himself initiated the encounter by pulling over in front of Sulaica and rolling down his window to speak with him. Still at liberty to end the encounter, Robertson voluntarily exited his vehicle and displayed further signs of intoxication by being unsteady on his feet and holding onto Sulaica's patrol vehicle for balance. Finally, Robertson admitted to drinking alcohol. It was only at this point that Sulaica detained Robertson until local law enforcement arrived. Because an investigatory stop did not occur, and Sulaica only detained Robertson after developing probable cause, *Foster* is irrelevant to our analysis.

Robertson also relies on *United States v. Valdes-Vega*, a Ninth Circuit case involving the

stop of a vehicle by a Border Patrol agent, which Robertson contends stands for the proposition that Border Patrol agents cannot stop a vehicle for violations of state traffic laws. *United States v. Valdes-Vega*, 685 F.3d 1138 (9th Cir. 2012), *rev'd en banc*, 738 F.3d 1074 (9th Cir. 2013). There, a Border Patrol agent pulled over a vehicle that was speeding and driving erratically. *Id*., at 1141–42. The agent testified that, based on the driver's erratic and evasive driving, the older body type of the vehicle, and its Mexican license plates, the driver's behavior was consistent with that of an alien and drug smuggler. *Id*., at 1142. A subsequent consent search of the vehicle revealed seven kilograms of cocaine. *Id*. In holding the trial court should have granted the driver's motion to suppress, the court concluded that a driver with Mexican license plates committing traffic infractions on an interstate seventy miles away from the U.S.-Mexico border encompassed too broad a category of people to justify reasonable suspicion. *Id*., at 1144. On rehearing en banc, the court concluded it had failed to consider the totality of the circumstances and the agent's experience in analyzing reasonable suspicion. *United States v. Valdes-Vega*, 738 F.3d 1074, 1080 (9th Cir. 2013). The court also noted the argument raised by the driver that Border Patrol agents do not enforce state traffic law was irrelevant because the traffic law violations were factors adding to the agent's reasonable suspicion. *Id*. At no point did the court address the issue of a Border Patrol agent's ability to conduct a stop based on violations of state law; it merely considered traffic violations as a factor in the agent's reasonable suspicion of drug smuggling activity. *Id*.

*Valdes-Vega* is inapplicable here for the same reason *Foster* is inapplicable: it only addresses what may constitute reasonable suspicion to make an investigatory stop. Here, it is a citizen's arrest that is at issue; no investigatory stop was made. While it is true that citizen may

7

not pull over a vehicle for a traffic violation or an investigatory detention, a citizen may detain or arrest an individual when he has probable cause to believe a felony or breach of the public peace has been committed in his presence. TEX.CODE CRIM.PROC.ANN. art. 14.01(a); *Garner*, 779 S.W.2d at 501.

A factual situation like the present case was addressed by the Court of Criminal Appeals in *Romo v. State*. In *Romo*, a suspect was detained by an employee of the Lubbock County Water Control District. *Romo*, 577 S.W.2d at 252. The district employee, Joe Weatherford, was a member of the Buffalo Springs Lake Patrol. *Id*. While Weatherford was driving to work, he encountered the defendant driving "erratically" and at a high rate of speed. *Id*. Weatherford was outside of his own jurisdiction at the time of the encounter. *Id*. He began following the defendant and observed him weaving across the center lane and onto the shoulder of the road. *Id*. Weatherford radioed the Department of Public Safety and was put in contact with a trooper who was in the area. *Id*. The trooper told Weatherford that he was caught in traffic and advised him to stop the defendant in order to prevent an accident. *Id*. Weatherford turned on his emergency lights and the defendant pulled over. *Id*. Weatherford noticed the defendant smelled strongly of alcohol, staggered while walking, had to lean against the car to support himself, and had red, bloodshot eyes. *Id*., at 253. Weatherford took the defendant's driver's license and stayed with him until the trooper arrived on the scene. *Id*. The defendant was convicted of driving while intoxicated, based in part on Weatherford's testimony. *Id*., at 251.

On appeal, the defendant argued the trial court had erred in admitting Weatherford's testimony because Weatherford was outside his jurisdiction when he made the arrest and therefore lacked the authority to make it. *Romo*, 577 S.W.2d at 253. In concluding Weatherford had

authority to make a citizen's arrest, the Court cited Article 14.01(a) of the Texas Code of Criminal Procedure, which authorizes a citizen to make a warrantless arrest for a breach of the peace. *Id*. It then concluded that because driving while intoxicated was a breach of the peace, Weatherford was authorized to make a citizen's arrest despite his lack of jurisdiction as a peace officer when the arrest was made. *Id*.

Here, Robertson makes substantially the same arguments that were raised unsuccessfully in *Romo*. Sulaica, a federal law enforcement officer, had no jurisdictional authority as a Border Patrol agent to act as a peace officer in investigating violations of state law. But while a Border Patrol agent is not a peace officer under Article 2.12 of the Code of Criminal Procedure,[1] and therefore lacks jurisdiction to conduct investigatory detentions for violations of state law, it does not follow that he loses the ability to make a citizen's arrest when he puts on his uniform. *Romo*, 577 S.W.2d at 253; *Sanchez v. State*, 582 S.W.2d 813, 814–15 (Tex.Crim.App. [Panel Op] 1979)(holding Border Patrol agents did not act unlawfully when they detained a suspect found on the side of the road who smelled of alcohol and displayed signs of intoxication because public drunkenness is an offense against the public peace and the agents could therefore make a citizen's arrest); *see also Garner*, 779 S.W.2d at 501 (holding that while a private citizen may not conduct an investigatory stop based only on an articulable suspicion, a citizen may effect an arrest or detention when he has probable cause to believe a crime is being committed). Based on Robertson's obvious signs of intoxication and his own statement that he had been drinking alcohol, Sulaica had probable cause to believe the crime of driving while intoxicated was being committed, a breach of the public peace. *Romo*, 577 S.W.2d at 253. He therefore had authority under Article

---

[1] *See* TEX.CODE CRIM.PROC.ANN. art. 2.12, detailing who are peace officers in the State of Texas.

14.01(a) of the Texas Code of Criminal Procedure to perform a citizen's arrest of Robertson. Accordingly, the trial court did not abuse its discretion in denying Robertson's motion to suppress. Robertson's second issue is overruled.

## CONCLUSION

Having overruled Issues One and Two, the decision of the trial court is affirmed.


June 12, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)