Opinion issued February 23, 2006















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01080-CR
NO. 01-04-01081-CR




LAWRENCE PRESTON MILES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause Nos. 12-25068 and 12-48535




O P I N I O N

          Appellant, Lawrence Preston Miles, was charged with the misdemeanor
offenses of unlawfully carrying a handgun by a license holder (UCW) and driving
while intoxicated (DWI). After the trial court denied his pretrial motion to suppress,
appellant entered a plea of no contest for both offenses. The trial court found him
guilty and assessed his punishment at one day confinement and a $1,000 fine in cause
number 12-25068 (UCW) and 180 days confinement, probated for two years, and a
$1,000 fine in cause number 12-48535 (DWI). In a single point of error for both
cause numbers, appellant contends that the trial court erred in denying his motion to
suppress because the evidence at issue was the fruit of an unlawful citizen’s arrest. 
          We affirm. 
BACKGROUND
          Appellant was involved in a three-car accident on March 13, 2004. From the
record, it appears that appellant, driving a Corvette, collided with one car before rear-ending a limousine. Appellant and the driver of the limousine exchanged driver’s
license information, but appellant did not have his proof of insurance. As a result, the
limousine driver asked appellant to remain at the scene of the accident until the police
arrived. 
          As appellant waited for the police, several wreckers arrived at the accident site. 
One of the wrecker drivers, Joseph Moore, exited his truck and asked both appellant
and the limousine driver if they needed any assistance. Moore testified that appellant
spoke with slurred speech, seemed uncoordinated, and stumbled while walking back
to his Corvette to search for proof of insurance. Although Moore did not smell
alcohol on appellant’s breath, he believed that appellant was under “the influence of
something.” 
          Prior to the arrival of the police, appellant got back into his vehicle and drove
away. Out of a concern for public safety, Moore resolved to follow appellant. 
Approximately five other wrecker drivers joined Moore in his pursuit. At the
intersection of Post Oak and Westheimer, the wrecker drivers attempted to box in
appellant in order to prevent the continued movement of his vehicle. Appellant,
however, escaped the blockade by driving onto a curb and cutting through a parking
lot at what Moore described as a “very high rate of speed.” The wreckers continued
to follow appellant, who drove down a one-way street with Moore in pursuit. 
Appellant then drove down the wrong side of a divided road and turned into the
parking lot of a commercial establishment, where he came to a stop. After
positioning his wrecker in a manner that effectively blocked in appellant, Moore
approached appellant’s vehicle and attempted to remove his keys from the ignition. 
As Moore reached for appellant’s keys, appellant placed a gun to Moore’s head. 
Houston Police Department officers arrived moments later and took appellant into
custody under suspicion of drunk driving. 
          Ultimately, appellant was charged with UCW and DWI. After the offenses
were consolidated for trial, appellant agreed to plead no contest in both causes in the
event that he received an adverse ruling on his pretrial motion to suppress. After a
hearing, the trial court issued a bench ruling denying appellant’s motion. No findings
of fact or conclusions or law were requested or entered. Appellant entered his plea
of no contest and timely appealed. 
DISCUSSION
          In his sole point of error for both cause numbers,


 appellant contends that the
trial court erred in denying his motion to suppress.


 Appellant specifically contends
that Moore effected an illegal citizen’s arrest, and thus any evidence flowing from his
actions was inadmissible pursuant to article 38.23 of the Texas Code of Criminal
Procedure.


 According to appellant, the citizen’s arrest by Moore was illegal because
it (1) occurred without probable cause and (2) was effected only after Moore engaged
in dangerous and unlawful behavior. 
          Standard of Review
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Id. We review de novo the trial
court’s application of the law of search and seizure and probable cause. State v. Ross,
32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Wilson v. State, 98 S.W.3d 265, 271
(Tex. App.—Houston [1st Dist.] 2003, no pet.). We examine the evidence in the light
most favorable to the trial court’s ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999). Where, as here, the record contains the ruling but not findings of
fact or conclusions of law, we presume that the trial court found whatever facts were
needed to support its ruling. State v. Johnson, 896 S.W.2d 277, 280 (Tex.
App.—Houston [1st Dist.] 1995, no pet.). 
          Did a Citizen’s Arrest Occur?
          Prior to examining appellant’s arguments regarding the propriety of Moore’s
actions, we must first determine if a citizen’s arrest did in fact occur, because, absent
a wrongful arrest, no illegality took place and the evidentiary prohibitions of article
38.23 are irrelevant. The State contends that no arrest occurred because Moore did
not entirely block appellant’s escape route after appellant came to a stop in the
parking lot. Conversely, appellant argues that his freedom of movement was
completely restricted by the positioning of Moore’s wrecker. 
          Article 14.01 of the Texas Code of Criminal Procedure authorizes a private
citizen to effect an arrest when a felony or breach of the peace is committed in his
presence or within his view.


 Driving while intoxicated has been found to be a breach
of the peace that allows a citizen other than a police officer to make an arrest. See
Romo v. State, 577 S.W.2d 251, 253 (Tex. Crim. App. 1979). An arrest occurs “when
a person’s liberty of movement is restricted or restrained.” Amores v. State, 816
S.W.2d 407, 411 (Tex. Crim. App. 1991). It has been held that use of a wrecker truck
to trap another vehicle may constitute an arrest. See Kunkel v. State, 46 S.W.3d 328,
330–31 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d) (finding a citizen’s arrest
where a wrecker was used to block a driver’s car between the wrecker and the
entrance gate to a town home complex). 
          Here, Moore’s wrecker was used to restrict appellant’s freedom of movement. 
The State contends that no arrest occurred because, according to Moore’s testimony, 
an escape route was possibly available to appellant. The State argues that the
presence of an escape route distinguishes appellant’s case from Kunkel,


 where the
evidence clearly showed that the wrecker had blocked in the defendant. The State,
however, ignores the fact that after appellant cross-examined Moore, challenging his
contention that an escape route existed, the trial court stated, “The defense has
established there was a detention by a citizen.” Because Moore’s testimony on cross-examination that appellant was not free to leave and his admission that he was
holding appellant until the police arrived support the trial court’s conclusion we
conclude that Moore’s actions constituted a citizen’s arrest of appellant. 
          Probable Cause
          A citizen’s arrest must be supported by probable cause. See Garner v. State,
779 S.W.2d 498, 501 (Tex. App.—Fort Worth 1989, pet. ref’d) (holding that a private
citizen must have probable cause to believe an offense is being committed in order
to justify an arrest or detention). Probable cause has been defined as the existence of
reasonably trustworthy information sufficient to warrant a reasonable person to
believe that a particular person has committed an offense. State v. Ballard, 987
S.W.2d 889, 892 (Tex. Crim. App. 1999). Article 38.23 requires the suppression of
any evidence flowing from a citizen’s arrest made without probable cause. See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2005). 
          Here, appellant contends that Moore did not have probable cause to arrest
appellant for driving while intoxicated. In appellant’s view, Moore only had probable
cause to suspect that appellant had violated the Texas Transportation Code by leaving
the scene of an accident before providing his proof of insurance. See Tex. Transp.
Code Ann. §§ 555.022, 555.023 (Vernon 2003). Although failing to stop and
provide information following a traffic accident has been held to be a breach of the
peace,


 thereby constituting an offense for which citizen’s arrests are permissible,
appellant argues that because he stopped and provided his driver’s licence number,
he did not commit a breach of the peace and therefore was not subject to citizen’s
arrest. See Tex. Code Crim. Proc. Ann. art. 14.01(a) (Vernon Supp. 2005). Thus,
according to appellant, (1) Moore lacked probable cause to arrest him for driving
while intoxicated, a breach of the peace that permits citizen’s arrest, and (2) while
Moore possessed probable cause to suspect appellant of leaving the scene of an
accident without providing information, Moore could not arrest appellant on this
suspicion because appellant had not committed a breach of the peace. 
          We disagree with appellant’s contention that Moore lacked probable cause to
arrest appellant for driving while intoxicated. Upon arriving at the scene of the
accident, Moore observed appellant for approximately 30 minutes. He described
appellant’s speech as slurred and indicated that appellant was “fumbling” and
“agitated.” Moore, who testified that he had observed the behavior of numerous
drunk drivers in his capacity as a wrecker driver, further stated that appellant “didn’t
seem coordinated, he didn’t have good coordinational skills” and that appellant’s
“motor skills seemed to be off.” In view of this testimony, we conclude that it would
not have been an abuse of discretion for the trial court to determine that Moore
possessed probable cause to arrest appellant for driving while intoxicated. 
Consequently, we need not consider appellant’s contention that he did not breach the
peace by leaving the scene of the accident before providing proof of insurance. 
          Article 38.23 and Moore’s Traffic Violations  
          Appellant further contends that even if Moore had probable cause to arrest him
for a breach of the peace, as we find that he did, article 38.23 still compels
suppression of any evidence resulting from appellant’s arrest because Moore violated
various traffic laws in effecting the arrest. According to article 38.23, no evidence
seized by “an officer or other person in violation of any provisions [of the] laws of
the State of Texas, shall be admitted in evidence against the accused on the trial of
any criminal case.” See Tex. Code Crim. Proc. Ann. art. 38.23(a). By his own
admission, Moore violated certain traffic laws in his pursuit of appellant, including
driving the wrong way on a one-way street. See Tex. Trans. Code Ann. §
545.059(b) (Vernon 2003). Appellant argues that Moore’s violations of the traffic
code implicate article 38.23, and thus the trial court erred in denying appellant’s 
motion to suppress. 
          We disagree. A violation of law does not always invoke the provisions of
article 38.23. See e.g. Roy v. State, 608 S.W.2d 645, 651 (Tex. Crim. App. 1980). 
The primary purpose of article 38.23 is to deter unlawful actions that violate the
rights of criminal suspects. See Watson v. State, 10 S.W.3d 782, 784 (Tex.
App.—Austin 2000, no pet.). For the violation of a particular provision of the law
to implicate article 38.23, the “law which is violated in obtaining evidence must exist
for the purpose of regulating the acquisition of evidence to be used in a criminal
case.” Carroll v. State, 911 S.W.2d 210, 221 (Tex. App.—Austin 1995, no pet.)
(quoting Judge Robert R. Barton, Texas Search and Seizure § 2.0152 at 2-24
(1993)). Laws regulating the flow of traffic do not fall within this category. Thus
while Moore’s decision to violate various traffic laws may have been dangerous, his
actions did not implicate article 38.23. See Romo v. State, 577 S.W.2d 251, 252– 253
(Tex. Crim. App. 1979) (upholding citizen’s arrest of drunk driver where the citizen,
acting with permission of a police officer, pursued defendant at speeds approaching
90 miles per hour). 
          CONCLUSION
          In view of the fact that the trial court did not abuse its discretion in finding that
Moore possessed probable cause to arrest appellant for DWI, and because we
conclude that Moore’s traffic violations did not implicate article 38.23, we overrule
appellant’s sole point of error as to both cause numbers.  
          We affirm the judgment of the trial court. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).