Lawrence Preston MILES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–04–01080–CR, 01–04–01081–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 23, 2006.

Rehearing Overruled June 14, 2006.

Jed Ross Silverman, Houston, for appellant.

Bridget Holloway, Asst. Dist. Atty.–Harris County, Houston, for state.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Lawrence Preston Miles, was charged with the misdemeanor offenses of unlawfully carrying a handgun by a license holder (UCW) and driving while intoxicated (DWI). After the trial court denied his pretrial motion to suppress, appellant entered a plea of no contest for both offenses. The trial court found him guilty and assessed his punishment at one day confinement and a $1,000 fine in cause number 12–25068(UCW) and 180 days confinement, probated for two years, and a $1,000 fine in cause number 12–48535(DWI). In a single point of error for both cause numbers, appellant contends that the trial court erred in denying his motion to suppress because the evidence at issue was the fruit of an unlawful citizen's arrest.

We affirm.

## BACKGROUND

Appellant was involved in a three-car accident on March 13, 2004. From the record, it appears that appellant, driving a Corvette, collided with one car before rear-ending a limousine. Appellant and the driver of the limousine exchanged driver's license information, but appellant did not have his proof of insurance. As a result, the limousine driver asked appellant to remain at the scene of the accident until the police arrived.

As appellant waited for the police, several wreckers arrived at the accident site. One of the wrecker drivers, Joseph Moore, exited his truck and asked both appellant and the limousine driver if they needed any assistance. Moore testified that appellant spoke with slurred speech, seemed uncoordinated, and stumbled while walking back to his Corvette to search for proof of insurance. Although Moore did not smell alcohol on appellant's breath, he believed that appellant was under "the influence of something."

Prior to the arrival of the police, appellant got back into his vehicle and drove away. Out of a concern for public safety, Moore resolved to follow appellant. Approximately five other wrecker drivers joined Moore in his pursuit. At the intersection of Post Oak and Westheimer, the wrecker drivers attempted to box in appellant in order to prevent the continued movement of his vehicle. Appellant, however, escaped the blockade by driving onto a curb and cutting through a parking lot at what Moore described as a "very high rate of speed." The wreckers continued to follow appellant, who drove down a one-way street with Moore in pursuit. Appellant then drove down the wrong side of a divided road and turned into the parking lot of a commercial establishment, where he came to a stop. After positioning his wrecker in a manner that effectively blocked in appellant, Moore approached appellant's vehicle and attempted to remove his keys from the ignition. As Moore reached for appellant's keys, appellant placed a gun to Moore's head. Houston Police Department officers arrived moments later and took appellant into custody under suspicion of drunk driving.

Ultimately, appellant was charged with UCW and DWI. After the offenses were consolidated for trial, appellant agreed to plead no contest in both causes in the event that he received an adverse ruling on his pretrial motion to suppress. After a hearing, the trial court issued a bench ruling denying appellant's motion. No findings of fact or conclusions or law were requested or entered. Appellant entered his plea of no contest and timely appealed.

## DISCUSSION

 In his sole point of error for both cause numbers,[1] appellant contends that the trial court erred in denying his motion

---

1. The State contends that appellant lacks the right to appeal any matter related to his UCW case because he failed to present any written motions in that cause prior to entering a plea of nolo contendere. See TEX.R.APP. P. 25.2(a)(2) (stating that when a defendant enters a plea of nolo contendere and receives a sentence not exceeding the punishment recommended by the State, the defendant may appeal only "those matters raised by written motion filed and ruled on before trial."). While no written motion to suppress evidence appears in the record that is clearly specific to the UCW cause number, appellant did file an amended motion to suppress physical evidence after consolidation of the causes against him. Furthermore, the trial court's certification of defendant's right of appeal for the UCW case indicates that matters were raised by written motion. Therefore, we assume, for the purposes of this appeal, that appellant has satisfied rule 25.2(a)(2) and thus is entitled to have his appeal as to the UCW cause number decided on the merits.

to suppress.[2] Appellant specifically contends that Moore effected an illegal citizen's arrest, and thus any evidence flowing from his actions was inadmissible pursuant to article 38.23 of the Texas Code of Criminal Procedure.[3] According to appellant, the citizen's arrest by Moore was illegal because it (1) occurred without probable cause and (2) was effected only after Moore engaged in dangerous and unlawful behavior.

### Standard of Review

■ In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). We give almost total deference to the trial court's determination of historical facts that depend on credibility, while we conduct a de novo review of the trial court's application of the law to those facts. *Id.* We review de novo the trial court's application of the law of search and seizure and probable cause. *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Wilson v. State,* 98 S.W.3d 265, 271 (Tex. App.-Houston [1st Dist.] 2003, no pet.). We examine the evidence in the light most favorable to the trial court's ruling. *State*

*v. Ballard,* 987 S.W.2d 889, 891 (Tex.Crim. App.1999). Where, as here, the record contains the ruling but not findings of fact or conclusions of law, we presume that the trial court found whatever facts were needed to support its ruling. *State v. Johnson,* 896 S.W.2d 277, 280 (Tex.App.-Houston [1st Dist.] 1995, no pet.).

### Did a Citizen's Arrest Occur?

■ Prior to examining appellant's arguments regarding the propriety of Moore's actions, we must first determine if a citizen's arrest did in fact occur, because, absent a wrongful arrest, no illegality took place and the evidentiary prohibitions of article 38.23 are irrelevant. The State contends that no arrest occurred because Moore did not entirely block appellant's escape route after appellant came to a stop in the parking lot. Conversely, appellant argues that his freedom of movement was completely restricted by the positioning of Moore's wrecker.

■ Article 14.01 of the Texas Code of Criminal Procedure authorizes a private citizen to effect an arrest when a felony or breach of the peace is committed in his

2. The State argues that appellant's convictions in both causes should be summarily affirmed because appellant's motion to suppress evidence failed to specifically identify evidence he sought to suppress. In *Gonzales v. State,* the Texas Court of Criminal Appeals state that an appellate court should address the merits of a claim regarding the trial court's denial of a pretrial motion to suppress evidence prior to a guilty plea if (1) the appellate court can identify the fruits that the trial court held would not be suppressed and (2) the appellate court can determine that these fruits have been used by the State. 966 S.W.2d 521, 524 (Tex.Crim.App.1998). Here, appellant's motion, at the very least, refers specifically to "the video which depicts the defendant performing Standardized Field Sobriety Tests." This video was of great importance to the State in the DWI cause (self-

evidently) and the UCW cause, in which appellant was charged with "carry[ing] a handgun while intoxicated." Therefore, we conclude that we are able both to identify the fruits that the trial court held would not be suppressed and to determine how these fruits were used against appellant in inducing his plea of no contest.

3. Article 38.23(a) states, "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim Proc. Ann. art. 38.23(a) (Vernon Supp.2005).

presence or within his view.[4] Driving while intoxicated has been found to be a breach of the peace that allows a citizen other than a police officer to make an arrest. *See Romo v. State*, 577 S.W.2d 251, 253 (Tex.Crim.App.1979). An arrest occurs "when a person's liberty of movement is restricted or restrained." *Amores v. State*, 816 S.W.2d 407, 411 (Tex.Crim. App.1991). It has been held that use of a wrecker truck to trap another vehicle may constitute an arrest. *See Kunkel v. State*, 46 S.W.3d 328, 330–31 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (finding a citizen's arrest where a wrecker was used to block a driver's car between the wrecker and the entrance gate to a town home complex).

Here, Moore's wrecker was used to restrict appellant's freedom of movement. The State contends that no arrest occurred because, according to Moore's testimony, an escape route was possibly available to appellant. The State argues that the presence of an escape route distinguishes appellant's case from *Kunkel*,[5] where the evidence clearly showed that the wrecker had blocked in the defendant. The State, however, ignores the fact that after appellant cross-examined Moore, challenging his contention that an escape route existed, the trial court stated, "The defense has established there was a detention by a citizen." Because Moore's testimony on cross-examination that appellant was not free to leave and his admission that he was holding appellant until the police arrived support the trial court's conclusion we con-

clude that Moore's actions constituted a citizen's arrest of appellant.

### Probable Cause

A citizen's arrest must be supported by probable cause. *See Garner v. State*, 779 S.W.2d 498, 501 (Tex.App.-Fort Worth 1989, pet. ref'd) (holding that a private citizen must have probable cause to believe an offense is being committed in order to justify an arrest or detention). Probable cause has been defined as the existence of reasonably trustworthy information sufficient to warrant a reasonable person to believe that a particular person has committed an offense. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex.Crim.App. 1999). Article 38.23 requires the suppression of any evidence flowing from a citizen's arrest made without probable cause. *See* TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2005).

Here, appellant contends that Moore did not have probable cause to arrest appellant for driving while intoxicated. In appellant's view, Moore only had probable cause to suspect that appellant had violated the Texas Transportation Code by leaving the scene of an accident before providing his proof of insurance. *See* TEX. TRANSP. CODE ANN. §§ 555.022, 555.023 (Vernon 2003). Although failing to stop and provide information following a traffic accident has been held to be a breach of the peace,[6] thereby constituting an offense for which citizen's arrests are permissible, appellant argues that because he stopped and provided his driver's licence number, he did not commit a breach of the peace and therefore was not subject to citizen's

---

**4.** Article 14.01(a) states, "A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace." TEX.CODE CRIM. PROC. ANN. art. 14.01(a) (Vernon Supp. 2005).

**5.** *Kunkel*, 46 S.W.3d at 330–31.

**6.** *See Crowley v. State*, 842 S.W.2d 701, 703–04 (Tex.App.-Houston [1st Dist.] 1992, no pet.).

arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 14.01(a) (Vernon Supp.2005). Thus, according to appellant, (1) Moore lacked probable cause to arrest him for driving while intoxicated, a breach of the peace that permits citizen's arrest, and (2) while Moore possessed probable cause to suspect appellant of leaving the scene of an accident without providing information, Moore could not arrest appellant on this suspicion because appellant had not committed a breach of the peace.

We disagree with appellant's contention that Moore lacked probable cause to arrest appellant for driving while intoxicated. Upon arriving at the scene of the accident, Moore observed appellant for approximately 30 minutes. He described appellant's speech as slurred and indicated that appellant was "fumbling" and "agitated." Moore, who testified that he had observed the behavior of numerous drunk drivers in his capacity as a wrecker driver, further stated that appellant "didn't seem coordinated, he didn't have good coordinational skills" and that appellant's "motor skills seemed to be off." In view of this testimony, we conclude that it would not have been an abuse of discretion for the trial court to determine that Moore possessed probable cause to arrest appellant for driving while intoxicated. Consequently, we need not consider appellant's contention that he did not breach the peace by leaving the scene of the accident before providing proof of insurance.

### Article 38.23 and Moore's Traffic Violations

 Appellant further contends that even if Moore had probable cause to arrest him for a breach of the peace, as we find that he did, article 38.23 still compels suppression of any evidence resulting from appellant's arrest because Moore violated various traffic laws in effecting the arrest. According to article 38.23, no evidence seized by "an officer or other person in violation of any provisions [of the] laws of the State of Texas, shall be admitted in evidence against the accused on the trial of any criminal case." *See* TEX.CODE CRIM. PROC. ANN. art. 38.23(a). By his own admission, Moore violated certain traffic laws in his pursuit of appellant, including driving the wrong way on a one-way street. *See* TEX. TRANS. CODE ANN. § 545.059(b) (Vernon 2003). Appellant argues that Moore's violations of the traffic code implicate article 38.23, and thus the trial court erred in denying appellant's motion to suppress.

We disagree. A violation of law does not always invoke the provisions of article 38.23. *See e.g. Roy v. State*, 608 S.W.2d 645, 651 (Tex.Crim.App.1980). The primary purpose of article 38.23 is to deter unlawful actions that violate the rights of criminal suspects. *See Watson v. State*, 10 S.W.3d 782, 784 (Tex.App.-Austin 2000, no pet.). For the violation of a particular provision of the law to implicate article 38.23, the "law which is violated in obtaining evidence must exist for the purpose of regulating the acquisition of evidence to be used in a criminal case." *Carroll v. State*, 911 S.W.2d 210, 221 (Tex.App.-Austin 1995, no pet.) (quoting JUDGE ROBERT R. BARTON, TEXAS SEARCH AND SEIZURE § 2.0152 at 2–24 (1993)). Laws regulating the flow of traffic do not fall within this category. Thus while Moore's decision to violate various traffic laws may have been dangerous, his actions did not implicate article 38.23. *See Romo v. State*, 577 S.W.2d 251, 252–253 (Tex.Crim.App.1979) (upholding citizen's arrest of drunk driver where the citizen, acting with permission of a police officer, pursued defendant at speeds approaching 90 miles per hour).

### CONCLUSION

In view of the fact that the trial court did not abuse its discretion in finding that

Moore possessed probable cause to arrest appellant for DWI, and because we conclude that Moore's traffic violations did not implicate article 38.23, we overrule appellant's sole point of error as to both cause numbers.

We affirm the judgment of the trial court.